THE STATE OF OHIO, APPELLEE, v. KLEIN, APPELLANT.

[Cite as State v. Klein (1977), 51 Ohio App. 2d 1.]

(No. C-76112—Decided March 23, 1977.)

*Mr. Thomas A. Luebbers, Mr. Paul J. Gorman* and *Mr. K. C. Collett,* for appellee.

*Mr. Peter W. Swenty,* for appellant.

BLACK, J. Appellant's single assignment of error is that the Hamilton County Municipal Court erred in finding her in violation of R. C. 4511.201, which reads as follows:

"Reckless operation off streets and highways; competitive operation.

"No person shall operate a vehicle, trackless trolley, or streetcar on any public or private property other than streets or highways, without due regard for the safety of persons or property."

The violation is a minor misdemeanor under R. C. 4511.99(D), with a maximum fine of $100. The fine in this case was $15 and costs.

Both defendant and the prosecuting witness were operating their vehicles in the parking area of the Beechmont Mall. Defendant emerged from a parking lane into a driving lane as the prosecuting witness was proceeding in that driving lane on a collision course. The parking lane was narrower and provided marked parking space on both sides. The driving lane was wider, served a series of parking lanes that intersected at right angles, and was designed for two-way traffic with a broken yellow line down the center. There was no traffic control device at the intersection, nor any lines marking the point of juncture between the parking lane and the driving lane.

Neither party saw the other. The point of impact was in the driving lane, in which the prosecuting witness was proceeding, and the front of his vehicle collided with the left front of defendant's vehicle. The court found that by failing to keep the proper outlook, defendant was negligent, her conduct not being "consistent with the exercising of ordinary care and prudence."

The assignment of error is well taken. We reverse for the reasons that the court failed to apply the correct standard of conduct, and that under the correct standard of conduct there was not sufficient evidence to sustain the conviction.

We conclude that the correct standard of conduct under R. C. 4511.201 is "recklessness," which is defined in R. C. 2901.22(C) as follows:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

The standard of conduct must be commensurate with the seriousness of the offense. A violation of R. C. 4511.201 is a traffic offense and subjects the violator to criminal sanctions ranging from those for a minor misdemeanor to those for a misdemeanor of the third degree. R. C. 4511.99

(D). In addition, a violator is charged with two points under the Ohio point system for motor vehicle violations (R. C. 4507.40), subjecting an operator to the possibility of a suspension of his driving privileges for periods ranging from six months to five years. We conclude that the accused's conduct must be more than the mere departure from a duty of ordinary care. Conduct that violates the duty of ordinary care may be sufficient to enable an injured party to recover damages in a civil action, but more than that should be required in order to invoke criminal sanctions.

From the time of its first enactment in 1961 (129 Ohio Laws 1637, No. 854), the title of R. C. 4511.201 has included the phrase: "reckless operation off streets and highways." Further, the word "reckless" has been part of the title of the earlier statute governing reckless driving on the highways from the time of the first enactment of G. C. 6307-20 as part of Ohio's 1941 Uniform Traffic Act (119 Ohio Laws 766). The preamble of that act states that it defines "certain *crimes* in the use and operation of vehicles." (Emphasis supplied.)

Admittedly, the word "reckless" is not found in the body of this statute, the key phrase being "without due regard for the safety of persons or property."* However, beginning with Lessee of Burgett v. *Burgett* (1824), 1 Ohio 469, and continuing through more cases than need be cited, Ohio law holds that a resort may be made to the title of

---

*Although it is of interest, it is not pivotally significant to the conclusion reached in this case that the definition of reckless driving was changed in 1967. Prior to then, it was operation "without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, trackless trolleys, and street cars, [and] so as to endanger the life, limb, or property of any person while in the lawful use of" either "the streets or highways" or "any public or private property other than streets or highways." After 1967, it is operation "without due regard for the safety of persons or property." While it is possible to read into that change a legislative intent to move away from a definition of negligence phrased in terms normally applied to civil negligence and towards a stricter standard of conduct, we do not deem this argument to be persuasive, relying instead on the clear expression of a legislative intent set forth in the new Criminal Code.

4

the act as an aid in the construction of the act. That early decision states, at 481:

"The title is framed in the same manner as the bill, and is sanctioned by the vote of both branches of the legislature; we may, therefore, consider it as explanatory of the object of the law * * *."

There is a limitation on this use of the title, expressed by the Supreme Court in *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, at 243, as follows:

" * * * [W]hen the act is unambiguous and the intent clear, the title of the act is for such resort of no consequence. The title of an act is never employed to defeat the clear intent of the Legislature."

We deem the reckless driving statutes to be ambiguous from and after the enactment of the new Ohio Criminal Code in 1972 (effective January 1, 1974), because as noted below, "reckless" has a specific meaning and "due regard" has no specific legislative designation in the Revised Code. We deem the use of the word "reckless" in the title to be significant in the construction of R. C. 4511.-201. See 50 Ohio Jurisprudence 2d 243, Statutes, Sections 259 to 262.

The General Assembly brought the traffic offenses of R. C. Chapter 4511 into the classification of offenses set forth in the new Ohio Criminal Code. Amended House Bill No. 511 (134 Ohio Laws 1866), which enacted the new Criminal Code *in toto,* also amended the penalty section (R. C. 4511.99) for traffic violations. From this, we derive the legislative intent that conduct which is prohibited and made subject to criminal sanctions shall be uniformly described, whether it constitutes a criminal offense or a traffic offense. The word "reckless" shall have the same meaning when applied to driving a motor vehicle as it has when applied, for instance, to assault, or to aggravated vehicular homicide. Assault is described as recklessly causing serious physical harm to another, and aggravated vehiclar homicide is defined as recklessly causing the death of another while operating a motor vehicle. Recklessness is defined in R. C. 2901.22(C), quoted above.

If an objection be raised that the word "reckless" is not found in the body of the statute and that the statute does not specify any degree of culpability, a proper response is that the new Criminal Code still requires proof of recklessness. We resort to R. C. 2901.21(B) and, having first concluded that the reckless operation statute does not plainly indicate a legislative purpose to impose strict criminal liability for this conduct, we are guided by the following:

"When the section [R. C. 4511.201] neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficent culpability to commit the offense."

In summary, we conclude from the manner by which the General Assembly brought traffic offenses into conformity with the new concepts and classifications of the 1974 Criminal Code, that the legislative intent is clear: there is only one definition of recklessness and that definition applies to the reckless operation of vehicles off of streets and highways.

We are further persuaded that this is the legislative intent by the following considerations:

(1) This traffic offense is generally known and referred to as "reckless driving," and the significant word is "reckless." It would be a source of confusion, if not disillusionment, to say that "reckless" means exactly that in most instances, but it means "negligence" when applied to the operation of motor vehicles.

(2) It is axiomatic that (a) statutes imposing criminal sanctions must be sufficiently clear descriptions of the prohibited conduct so as not to confuse the public by attributing different meanings to the same word, and (b) *all* sections of the Revised Code defining offenses or penalties shall be strictly construed against the state and liberally construed in favor of the accused (R. C. 2901.04 [A]);

(3) Under Ohio's Uniform Statutory Construction Act, it is presumed that the General Assembly intends a just and reasonable result. R .C. 1.47(C).

We deem our interpretation of the reckless operation statutes to be the just and reasonable result intended by the legislature for the reasons set forth above.

We do not find any precedent that would prevent us from reaching the conclusion herein. The Ohio Supreme Court has considered the meaning of the "without due regard" terminology of reckless operation under R. C. 4511.-20 on three different occasions, but we respectfully submit that these are not binding. First, they were decided before the clear expression of legislative intent in 1974. Second, these earlier decisions are not directly in point because they did not directly impose a criminal sanction for the violation of the reckless driving statute. They focus on civil liability for wrongful death, on a violation of another traffic offense, or on personal injuries resulting from negligent driving. In *Cothey* v. *Jones-Lemley Trucking Co.* (1964), 176 Ohio St. 342, the court held that it was error, in a trial for wrongful death, to grant defendant's motion for a directed verdict at the close of plaintiff's case when there was sufficient evidence of a violation of the statutes against reckless driving and illegal left turns. In *State* v. *Martin* (1955), 164 Ohio St. 54, the defendant was charged with manslaughter in the second degree. The court held that there was no error in overruling a motion to direct a verdict at the close of the state's case where there was some evidence to support the conclusion that the defendant was in violation of the reckless driving statute at the time the victim was hit by the vehicle and was killed. In *Koppelman* v. *Springer* (1952), 157 Ohio St. 117, a personal injury case, the court held that it was error for the court below to have ruled that a violation of the reckless driving statute was negligence *per se.*

The assignment of error being well taken, we reverse the decision below, and the evidence being insufficient to sustain a conviction using the correct standard of conduct, the defendant is discharged.

*Judgment reversed.*

PALMER, P. J., and KEEFE, J., concur.