THE STATE OF OHIO, APPELLEE, *v.* BEENER, APPELLANT.

(No. 77 CA 26—Decided November 21, 1977.)

*Mr. Charles Sell,* prosecuting attorney, for appellee.

*Messrs. Brumbaugh, Engelken, Cox & Worster,* for appellant.

McBride, J. The defendant was found guilty of a violation of R. C. 4511.201, which provides that no person shall operate a vehicle on a public highway "without due regard for the safety of persons or property." This section carried the caption of "reckless operation of vehicles"; however, since an amendment in 1967, adding a second paragraph on competitive operation, Page's Ohio Revised Code has added the following title: "Reckless operation off streets and highways; competitive operation."

There is testimony that appellant operated a vehicle, with children as passengers, at a speed of 100 miles per hour in a rural area on a two lane state route between Covington and Troy, Ohio. Since the credibility of witnesses rests with the trial judge, there is no question that under the decisions of the Supreme Court of Ohio the finding is not against the manifest weight of the evidence as argued in the single assignment of error. *State* v. *Martin,* (1955), 164 Ohio St. 54; *Akron* v. *Willingham* (1957), 166 Ohio St. 337; *Koppelman* v. *Springer* (1952), 157 Ohio St. 117.

However, the appellant argues that the test of "due care," reasonable prudence or common law negligence, as defined by the Supreme Court, has been amended by R. C. 2901.22(C) which contains a definition of "recklessness" that requires more than "due care" or common law negligence.

Appellant relies upon *State* v. *Klein* (1977), 51 Ohio App. 2d 1, a decision of the First District Court of Appeals with which this court disagrees.

For its conclusion, the *Klein* case resorts to the word "reckless" in the title of R. C. 4511.201 and the amendment to R. C. 4511.99, which made the penalties for traffic offenses consistent with the language of the new criminal code.

As to the first, the Supreme Court disregarded the sectional title in *State* v. *Martin, supra,* when it comment-

ed (page 58) that the term "reckless operation" is not found in the wording of R. C. 4511.20, but only in the title, and that court adopted the reasonably prudent person test in the first paragraph of the syllabus. In view of this case, we have not pursued the change of title, as reported in Page's edition of the Revised Code, which no longer carries the word "reckless" in reference to due regard but, rather, uses it only with regard to competitive operation. Besides, there is no ambiguity in the legislative use of the words "due regard." A resort to a title is unnecessary and improper under Revision Code Section 1.01.

As to the second point in the *Klein* case, an amendment as to the penalty section was necessitated by the change in the nomenclature of the penalties and not to a change in the definition of any offenses other than those expressly redefined in House Bill 511. R. C. 4511.201 was not redefined. This failure by the legislature to amend R. C. 4511.201 indicates an intention that it remain the same as it has been for many years.

It is our opinion that any change in the meaning of "due regard" or of common law negligence to any other degree of culpability defined in H. B. 511 requires a legislative act and is beyond the power of the courts. Crimes in Ohio are statutory. Common law crimes were abolished. Any redefinition of R. C. 4511.201 is a substantive change in the offense. If "due regard," as it appears so frequently in the motor vehicle act, were changed to "recklessness," as defined in House Bill 511, such a fundamental change would introduce hopeless confusion in the many sections of the uniform traffic act.

We conclude that the standard of care applicable to R. C. 4511.201 is due care or ordinary negligence and not recklessness as defined in R. C. 2901.22(C). Our conclusion is in conflict with *State* v. *Klein, supra.*

The single assignment of error is denied and the judgment is affirmed.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.