THE STATE OF OHIO, APPELLANT, *v.* GLOVER, APPELLEE

(No. 47672—Decided July 2, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Ms. Laura R. Dennison,* for appellant.

*Mr. Carl J. Character,* for appellee Clarence Glover.

MARKUS, P.J. The state appeals from the trial court's pretrial dismissal of the indictment against defendant for gross abuse of a corpse (R.C. 2927.01[B]). The state claims that the trial court erred by finding the applicable statute unconstitutionally vague. We agree, so we reverse and remand to the trial court for further proceedings.

The state contends that the challenged statute describes the criminal offense in words and phrases that are sufficiently understood by persons of ordinary intelligence. If so, the statute provides fair warning of the conduct that it proscribes.

R.C. 2927.01 defines both "abuse of a corpse" and "gross abuse of a corpse":

"(A) No person, except as authorized by law, shall treat a human corpse in a way that he knows would outrage reasonable family sensibilities.

"(B) No person, except as authorized by law, shall treat a human corpse in a way that would outrage reasonable community sensibilities.

"(C) Whoever violates division (A) of this section is guilty of abuse of a corpse, a misdemeanor of the second degree. Whoever violates division (B) of this section is guilty of gross abuse of a corpse, a felony of the fourth degree."

The trial court concluded that due process requires the courts to subject R.C. 2927.01(B) to heightened scrutiny for clarity because it imposes strict liability. Cf. *Hygrade Provision Co.* v. *Sherman* (1925), 266 U.S. 497. Presumably, the court reached this conclusion because this statutory offense fails to identify a culpable mental state as an element of the crime. However, the absence of such language does not necessarily determine whether the statute imposes strict liability for its violation.

R.C. 2901.21(B) dictates the applicable rule for construction:

"(B) When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. *When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.*" (Emphasis added.)

We find nothing in R.C 2927.01 or its legislative history that "plainly indicates a purpose to impose strict liability" for its violation.

We are mindful that some cases have inferred that purpose when one subsection of a criminal statute describes a specific culpable mental state and another subsection does not. See, e.g., *State* v. *Wac* (1981), 68 Ohio St. 2d 84 [22 O.O.3d 299]. However, they generally construe statutory language which virtually eliminates the possibility that one could engage in the prohibited conduct without intending to commit the crime. Thus, *Wac* concerns R.C. 2915.02(A)(1), which proscribes "bookmaking," and R.C. 2915.03(A)(1), which proscribes "operating a gambling house." The statute in the present case does not share that same linguistic peculiarity.

Consequently, a violation of R.C. 2927.01(B) occurs only when the offender recklessly "treat[s] a human corpse in a way that would outrage reasonable community sensibilities." That construction conforms with the mandate in R.C. 2901.21(B) and the principle favoring statutory interpretation consistent with constitutional safeguards for clarity. Cf. *State, ex rel. Myers,* v. *Blake* (1929), 121 Ohio St. 511, 517. Therefore, decisions which call for heightened scrutiny of strict liability crimes have no application here.

We note that the state apparently anticipated a duty to prove some culpable mental state because the indictment here asserts:

"[T]he above named Defendant * * * unlawfully and *purposely* did, except as authorized by law, treat a human corpse in a way that he *knew* would outrage reasonable community sensibilities." (Emphasis added.)

A criminal statute is void for vagueness under the Due Process Clause of the Fourteenth Amendment if it fails to contain ascertainable standards of guilt. *State* v. *Young* (1980), 62 Ohio St. 2d 370, 372 [16 O.O.2d 416]. In *Connally* v. *General Construction Co.* (1926), 269 U.S. 385, the United States Supreme Court explained at 391:

"* * * [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. * * *"

The court in *Colten* v. *Kentucky* (1972), 407 U.S. 104, further explained the vagueness doctrine at 110:

"* * * The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and suffi-

258

ciently specific to provide fair warning that certain kinds of conduct are prohibited."

A legislative body need not define every word it uses in an enactment. "Words in common usage will be construed in their ordinary acceptation and significance and with the meaning commonly attributed to them." State v. Dorso (1983), 4 Ohio St. 3d 60, 62; Eastman v. State (1936), 131 Ohio St. 1 [5 O.O. 248], paragraph five of the syllabus; Kiefer v. State (1922), 106 Ohio St. 285.

For this statutory offense, R.C. 2901.22(C) defines the implied element of recklessness. The remaining operative words and phrases are: "not authorized by law," "treat," "human corpse," "way," "outrage," and "reasonable community sensibilities."

The phrase "not authorized by law" removes from the statute's ambit: (a) necessary actions taken by a mortician in preparing a corpse for burial (R.C. 4701.01 et seq.), (b) mandatory autopsies, and (c) examination of a dead body on court order. See Committee Comment to R.C. 2927.01.

The words, "treat," "human corpse," "way," "outrages," and "sensibilities" are commonly understood by persons of common intelligence. See Webster's New International Dictionary (2 Ed. 1954) 2699, 597, 2890, 1734, and 2279. Defendant argues that a judge or jury must determine "reasonable community sensibilities," so the statute lacks an ascertainable standard of guilt.

A criminal statute is not void for vagueness simply because it requires a person to conform to an imprecise but comprehensible normative standard. A statute is vague because it specifies no standard of conduct at all. Cf. Coates v. City of Cincinnati (1971), 402 U.S. 611 [58 O.O.2d 481].

In the area of obscenity the courts have consistently approved legislation that required a factfinder to apply contemporary community standards. See Miller v. California (1973), 413 U.S. 15,

24; State v. Burgun (1978), 56 Ohio St. 2d 354, 357 [10 O.O.3d 485]. A similar application is available and constitutional in this context.

Hence, R.C. 2927.01(B) is not unconstitutionally vague. Accord Commonwealth v. Browne (Pa. C.P. 1976), 74 D. & C. 2d 724 (statute identical to R.C. 2927.01[A] upheld).

The state's single assigned error is sustained. Accordingly, we reverse the trial court's judgment and remand the case for further proceedings.

*Judgment reversed and case remanded.*

PRYATEL and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Eighth Appellate District.