**The STATE of Ohio, Appellee,**

v.

**GARDNER, Appellant.**

[Cite as *State v. Gardner* (1989), 65 Ohio App.3d 24.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–304.

Decided Oct. 6, 1989.

*Michael Bruno,* Assistant Prosecuting Attorney, for appellee.

*Henry Herschel,* for appellant.

---

*Per Curiam.*

This is an appeal from the judgment of the Lucas County Court of Common Pleas finding appellant, John Gardner, guilty of gross abuse of a corpse, in violation of R.C. 2927.01(B), a felony of the fourth degree.

Appellant has appealed setting forth three assignments of error:

"I.   The trial court erred in denying the appellant's motion to dismiss on the grounds that O.R.C. § 2927.01 is unconstitutionally vague.

"II.   The trial court erred in denying appellant's motion to dismiss the indictment on the grounds that O.R.C. § 2927.01 is unconstitutional because it violates the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

"III.   The trial court abused it's [*sic*] discretion in ruling against the manifest weight of the evidence."

The facts giving rise to this appeal are as follows.

Appellant is a licensed mortician and was employed by Birkenkamp Funeral Home in Toledo, Ohio, prior to his indictment. For approximately five years appellant had been involved in a homosexual relationship with Ronald Allen Yeager, who was also employed by Birkenkamp Funeral Home as an attendant. Appellant and Yeager had been having problems in their relationship for several months when on April 29, 1988, appellant discovered Yeager in the garage of the funeral home attempting suicide by carbon monoxide poisoning. Appellant awakened Yeager who then became angry and ran into the funeral home. Appellant then called and reported Yeager's attempted suicide to the Toledo Police who, when they arrived at the funeral home, found Yeager

naked on an embalming table attempting to embalm himself. The police instructed Yeager to dress himself and come with them. In the process, Yeager grabbed the privates of a male corpse lying on a table, made several lewd remarks which included appellant's name and made allegations that appellant had abused a corpse. Yeager was arrested and charged with abuse of a human corpse in violation of R.C. 2927.01(B). Later that same day Yeager indicated that his allegations concerning appellant were false. On April 30, 1988, appellant was questioned by Detective John Wirth regarding Yeager's allegations. On May 19, 1988, Yeager gave a taped statement to Detective Wirth detailing an incident that occurred at the funeral home between March 28, 1988 and April 3, 1988, involving sexual intercourse between himself, appellant and a female corpse. Prior to this statement, Yeager had entered into tentative plea arrangements with appellee as to his own charges stemming from the incident of April 29, 1988.

On May 24, 1988, the Lucas County Grand Jury returned an indictment against both appellant and Yeager for one count each of gross abuse of a corpse in violation of R.C. 2927.01(B). On August 19, 1988, appellant filed a motion to dismiss the indictment against him, arguing that R.C. 2927.01 is unconstitutional under the Fourteenth Amendment Due Process Clause since it imposes different penalties for the same conduct as judged by the same standards and that it is void for vagueness. Appellant also argued that the prosecution could not prove all of the elements of the alleged crime. On September 8, 1988, appellant and Yeager were present in court. At that time, Yeager entered a plea of guilty to the lesser included offense of abuse of a corpse in violation of R.C. 2927.01(A), a misdemeanor of the second degree. The trial court then denied appellant's pending motion to dismiss, and appellant proceeded to trial to the court. At trial Yeager testified in detail as to the incident at the funeral home that occurred between March 28, 1988 and April 3, 1988, involving sexual intercourse between himself, appellant and a female corpse. Wirth testified as to the initial statements made by Yeager to him on the day of Yeager's arrest and as to his taped interview with Yeager on May 19, 1988. Wirth also testified as to his interview with appellant on April 29 and 30, 1988, concerning Yeager's allegations in which appellant had recalled an incident with a female corpse, himself and Yeager at the funeral home, but could not remember much, saying he was drunk at the time and had eventually passed out. Appellant did tell Wirth he recalled some conversation leading toward sex with a corpse, he recalled Yeager naked on a table with a female corpse, and he recalled that he himself had touched the vagina of the corpse. Also testifying at the trial was Hubert Birkenkamp, president of H.H. Birkenkamp and its funeral director. Birkenkamp supplied records of deceased bodies at the funeral home between March 28, 1988 and April 3, 1988.

At the conclusion of the trial, appellant was found guilty of gross sexual abuse of a corpse in violation of R.C. 2927.01(B) and was sentenced to one year of imprisonment.

It is from this judgment that appellant has filed this appeal.

In support of his first assignment of error, appellant argues that R.C. 2927.01 is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution in that it fails to set forth an ascertainable standard for determining the conduct it seeks to prohibit. Specifically, appellant argues that the language "outrage reasonable family sensibilities" and "outrage reasonable community sensibilities" are not ascertainable standards of guilt.

R.C. 2927.01 provides:

"(A) No person, except as authorized by law, shall treat a human corpse in a way that he knows would outrage reasonable family sensibilities.

"(B) No person, except as authorized by law, shall treat a human corpse in a way that would outrage reasonable community sensibilities.

"(C) Whoever violates division (A) of this section is guilty of abuse of a corpse, a misdemeanor of the second degree. Whoever violates division (B) of this section is guilty of gross abuse of a corpse, a felony of the fourth degree."

A criminal statute will be held void for vagueness under the Due Process Clause of the Fourteenth Amendment if it does not contain "ascertainable standards of guilt." *State v. Young* (1980), 62 Ohio St.2d 370, 16 O.O.3d 416, 406 N.E.2d 499. The standard applied in determining if a statute is vague requires review of the challenged statute to ascertain if its terms are sufficiently explicit so as to inform those subject to it what conduct will render them liable to its penalties. *Young, supra,* citing *Connally v. General Constr. Co.* (1926), 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322.

"[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. * * *" (Citations omitted.) *Connally,* 269 U.S. at 391, 46 S.Ct. at 127, 70 L.Ed. at 328.

In *State v. Glover* (1984), 17 Ohio App.3d 256, 17 OBR 524, 479 N.E.2d 901, the Cuyahoga County Court of Appeals addressed the issue of whether R.C. 2927.01 should be held void for vagueness under due process standards. The *Glover* court also considered the argument that the phrase "reasonable community sensibilities" lacked an ascertainable standard of guilt. The court

determined that R.C. 2927.01 was not a strict liability crime and, therefore, did not require heightened scrutiny of clarity and proceeded to apply the standard of review set forth above in *Young* and *Connally*. *Glover, supra*, at 257, 17 OBR at 525, 479 N.E.2d at 903. The *Glover* court found the language used in R.C. 2927.01 to be "commonly understood by persons of common intelligence" and went on to stress that criminal statutes are not considered vague simply because they require one to conform to an imprecise but comprehensive normal standard, but are only vague where there is no standard specified. *Id.* at 258, 17 OBR at 526, 479 N.E.2d at 904. In finding R.C. 2927.01 constitutional, the court analogized it to the obscenity area where the courts have upheld as constitutional legislation that requires the finder of fact to apply "contemporary community standards." *Id.*

■ We find the reasoning in *Glover* persuasive. Based upon the foregoing, we find that the terms of R.C. 2927.01 are sufficiently explicit so as to provide notice of what conduct is prohibited thereunder without requiring persons to guess as to its meaning or invoking arbitrary application. Accordingly, appellant's first assignment of error is found not well taken.

In support of his second assignment of error, appellant argues that R.C. 2927.01 violates the Equal Protection Clause of the Fourteenth Amendment in that it imposes different penalties for essentially the same conduct and therefore treats similarly situated individuals differently. Essentially, appellant contends that the attempt to distinguish between conduct which "outrages reasonable family sensibilities" and conduct which "outrages reasonable community sensibilities" results in an arbitrary and inconsistent application of penalties. Appellant submits, therefore, that such classifications are unreasonable.

"A violation of the Equal Protection Clause occurs where there is deliberate discrimination between persons in similar circumstances based upon an unjustifiable standard, such as race, religion, or other arbitrary classification." *State v. Jones* (1986), 30 Ohio App.3d 85, 86, 506 N.E.2d 1187, 1190, citing *Oyler v. Boles* (1962), 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453.

■ Where the state imposes sanctions, penalties or restrictions upon persons using an unreasonable basis of classification, equal protection is denied. *State v. Ducey* (1970), 25 Ohio App.2d 50, 57–58, 54 O.O.2d 80, 84–85, 266 N.E.2d 233, 237–238.

■ We find that a rational distinction can be made between conduct or treatment of a corpse which, although it would certainly offend and outrage the family of the deceased, would not necessarily offend and outrage the community in general, and conduct such as existed in this case which would

certainly offend and outrage the entire community despite the lack of personal relationship with the deceased. We find, therefore, that the distinction drawn by R.C. 2927.01 will not result in arbitrary application and that the two standards therein provide a reasonable basis of classification for distinguishing between conduct punishable as a misdemeanor and that punishable as a felony. We conclude, then, that R.C. 2927.01 does not violate the Equal Protection Clause of the Fourteenth Amendment. Accordingly, appellant's second assignment of error is found not well taken.

In his third assignment of error, appellant argues that the trial court's decision is against the manifest weight of the evidence.

A reviewing court will not reverse a decision of the trial court if there is substantial evidence to form a basis upon which reasonable minds could conclude that every element of the offense has been proven beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. In determining if the judgment of the trial court is against the manifest weight of the evidence, it is not the role of the reviewing court to weigh the evidence presented or to judge the credibility of witnesses. *State v. Clay* (1973), 34 Ohio St.2d 250, 251, 63 O.O.2d 391, 392, 298 N.E.2d 137, 138.

After thoroughly reviewing the record herein, we are satisfied that there was substantial evidence from which the trial court could find that all of the elements of R.C. 2927.01(B) have been proven beyond a reasonable doubt. Accordingly, appellant's third assignment of error is found not well taken.

On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER and ABOOD, JJ., concur.