### State v. Spencer
*[Cite as 8 AOA 669]*

*Case No. 89-P-2140*
*Portage County, (11th)*
*Decided November 2, 1990*

David W. Norris, Prosecutor and James Aylward, Chief Assistant Prosecutor, Portage County Prosecutor's Office, 466 South Chestnut Street, P. O. Box 671, Ravenna, Ohio 44266, for Plaintiff-Appellee.

Francis M. Ricciardi, 240 South Chestnut Street, P. O. Box 1033, Ravenna, Ohio 44266, for Defendant-Appellant.

FORD, J.

During the daylight hours of June 1, 1989, Kimberly Wilson was traveling northbound on State Route 14, in Portage County, Ohio. At approximately 5:12 p.m., she stopped her car, signalling a lefthand turn. At that time, appellant, Carl Spencer, who was also traveling northbound, struck Ms. Wilson's vehicle in the rear. As a result of the accident, Ms. Wilson suffered a broken shoulder, bruised lung, internal bleeding, and was hospitalized for ten days.

Appellant was charged with operating a vehicle with a concentration of 0.10 hundredths of one percent or more by weight of alcohol in his blood; driving while under the influence of alcohol; driving while under an FRA suspension; failure to stop within the assured clear distance; and reckless assault.

The matter came before the Portage County Municipal Court on October 31, 1989. Prior to trial, appellant waived his right to trial, and entered a plea of no contest and consented to a finding of guilt on the charge of having a concentration of more than 0.10 hundredths of one percent by weight of alcohol in his blood and on the charge of driving under suspension. The prosecutor then recited the facts to the court, following which the court made findings of guilty on these charges. The other complaints of driving while under the influence and failure to stop in an assured clear distance were dismissed.

The matter then proceeded to trial on the charge of assault alone, pursuant to R.C. 2903.13(B).

Evidence produced at trial revealed that on the day in question, the weather conditions were clear and dry. Northbound State Route 14 near the site of the accident is a flat roadway. There are no visual obstructions. A state trooper's uncontroverted testimony revealed that appellant's vehicle did not leave any skid marks, indicating that he did not apply his brakes. The trooper contacted appellant in the hospital and noticed a strong odor of alcohol and performed a horizontal gaze nystagmus coordination test. The trooper concluded that appellant was probably under the influence of alcohol. Appellant consented to a blood test, and tested 0.16 blood alcohol in his system while operating his vehicle.

On November 2, 1989, the trial court issued its findings by way of a judgment entry, finding appellant guilty of assault pursuant to R.C. 2903.13(B) stating his "conduct was reckless because he was driving under suspension, he made no attempt to avoid the accident, and he was driving under the influence of alcohol with a concentration of .16 of (1) gram of alcohol in his blood."

Appellant was sentenced on November 20, 1989, and now appeals raising the following assignments of error:

"1. The trial court erred in finding defendant guilty of assault pursuant to O.R.C. Section 2903.13(B) in that O.R.C. Section 2901.22(C) sets forth a definition of 'recklessly' which is unconstitutionally vague and fails to inform the public of those acts prohibited by the statute, and is in violation of the due process clause of the 14th Amendment to the United States Constitution.

"2. The trial court erred in finding defendant guilty of assault pursuant to O.R.C. Section 2903.13(B) in that said statute has no application to physical harm inflicted on another as a result of a traffic accident, due to negligent operation of a motor vehicle by the defendant, and said act does not fall within the purview of Section 2903.13 O.R.C.

"3. The trial court erred in finding the defendant guilty of assault pursuant to O.R.C. Section 2903.13(B) in that said finding was against the manifest weight of the evidence."

In his first assignment, appellant contends that the definition of "recklessly" as contained in R.C. 2901.22(C) is unconstitutionally void for vagueness. As such, the trial court erred in finding appellant guilty of assault pursuant to R.C. 2903.13(B).

At the outset, it is important to note that appellant failed to raise this constitutional issue at the trial court level. Therefore, appellant effectively waived his first assignment of error by failing to bring the issue to

the trial court's attention and may not raise it on appeal. *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St. 2d 41; *States v. Williams* (1977), 51 Ohio State 2d 112. Nevertheless, we find no constitutional infirmity with the definition of "reckless" as contained in R.C. 2901.22(C).

Under R.C. 2903.13(B) a person may be found guilty of assault if he "*** recklessly cause[s] serious physical harm to another." Reckless is defined in R.C. 2901.22(C):

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless in difference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

The general standard for determining whether a criminal statute is void for vagueness was recently restated in *State v. Glover* (1984), 17 Ohio App. 3d 256, wherein the Eighth District noted:

"A criminal statute is void for vagueness under the Due Process Clause of the Fourteenth Amendment if it fails to contain ascertainable standards of guilt. *State v. Young* (1980), 62 Ohio St. 2d 370, 372 [16 O.O. 2d 416]. In *Conally v. General Construction Co.* (1926), 269 U.S. 385, the United States Supreme Court explained at 391:

"'*** [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. ***'

"The court in *Colten v. Kentucky* (1972), 407 U.S. 104, further explained the vagueness doctrine at 110:

"'*** The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited."

Stated differently, the doctrine of vagueness is designed to give the average person an opportunity to comply with the laws of the state by requiring the language of the criminal statute to describe the prohibited conduct with sufficient clarity. Moreover, it "inhibits the arbitrary and discriminatory enforcement of the laws." *State v. White* (Nov. 17, 1989) Geauga App. No. 1512, unreported, at 4-5, citing *Jordan v. DeGeorge* (1951), 341 U.S. 223; *Grayned v. City of Rockford* (1972), 405 U.S. 104.

There are no Ohio cases finding any constitutional infirmity with the term "recklessly," as it is defined in R.C. 2901.22(C), and the Eighth District held the term was not unconstitutionally vague as it pertained to Ohio's abuse of a corpse statute (R.C. 2927.01 [B]) in *Glover, supra,* at 258. Moreover, this court in *State v. Kavlich* (1986), 33 Ohio App. 3d 240, has tacitly upheld the constitutional validity of the term as it applies to the aggravated vehicular homicide statute, R.C. 2903.06(A).

Accordingly, "recklessness," as it is defined in R.C 2901.22(C), is a comprehensible normative standard which is not unconstitutionally vague, and appellant's first assignment of error is without merit.

In the second assignment, appellant asserts that the trial court erred by applying the criminal assault statute to injuries resulting from motor vehicle accidents. He maintains that because the motor vehicle statute sets out a standard for reckless operation of motor vehicles under R.C. 4511.20, the state is *precluded* from bringing reckless assault charges under the criminal assault statute. There are simply no cases which so hold.[1]

Interestingly, by way of comparative analysis, numerous Ohio cases have upheld the criminal convictions for *intentional* assault, pursuant to R.C. 2903.13(A), where the defendant struck another motorist or pedestrian with his or her automobile. See, *e.g., State v. Crooks* (Apr. 12, 1989) Medina App. No. 1752, unreported; *State v. Wilson* (Apr. 30, 1986), Summit App. No. 12395, unreported; *State v. Haupricht* (June 11, 1982), Fulton App. No. F-81-18, unreported.

Moreover, the legal foundation for prosecuting a motorist for *reckless* assault, pursuant to R.C. 2309.13(A), can be found in the analogous line of cases upholding the criminal convictions of drinking drivers for the offense of aggravated vehicular homicide. See *Kavlich, supra; State v. Torres* (1986), 31 Ohio App. 3d 118; *State v. Stinson* (1984), 21 Ohio App. 3d 14. Under the aggravated vehicular homicide provision, R.C. 2903.06(A), "[n]o

person, while operating *** a motor vehicle *** shall recklessly cause the death of another." This language is substantially similar to the language in R.C. 2903.13(B) which states that "[n]o person shall recklessly cause serious physical harm to another."

Based upon the cited authority, it is clear that nothing within the statutory provisions of Title 45 precludes the imposition of criminal assault liability to operators of motor vehicles. Further, 2903.13(B) speaks of assault in general terms, and does not limit its coverage to particular *modus operandi.* We therefore conclude that assaults, pursuant to R.C. 2903.13(B), may be effectuated through the operation of a motor vehicle. As such, the corresponding culpable mental state which must be proven beyond a reasonable doubt is that of "recklessness" as defined in R.C. 2901.22(C). Clearly, "recklessness" is one of the four culpable mental states recognized under Ohio law in R.C. 2901.22(C). The sufficiency of the state's evidence as to this element of the criminal offense of assault will be addressed in appellant's third assignment.

Based upon the foregoing analysis, appellant's second assignment of error is without merit.

Under defendant's third assignment of error, he alleges that the trial court's judgment is against the manifest weight of the evidence. Although appellant incorrectly labels this assigned error in terms of weight of the evidence, in essence, he is contending that there is no evidence that he was reckless in the operation of a motor vehicle.

Once again, appellant was charged with assault under 2903.13(B) which provides that "[n]o person shall recklessly cause serious physical harm to another." Under this charge the issue presented is whether appellant acted recklessly as defined in R.C. 2901.22(C) which states:

"(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

In *State v. Hennessee* (1984), 13 Ohio App. 3d 436, the court interpreted R.C. 2901.22(C) to the facts presented and stated at 439:

"The record reveals appellant was driving while under the influence of alcohol, and failed to yield the right-of-way, causing the accident and the victim's death. A person is said to be 'reckless,' pursuant to R.C. 2901.22(C), when one ostensibly disregards a known and significant possibility that his conduct is likely to cause a certain result. Appellant has admitted to driving while under the influence. *A licensed driver is charged with knowledge that driving while under the influence is against the law, and creates a substantial risk to himself and others.* Appellant disregarded this risk, and continued driving until the accident occurred. We find the element of 'reckless' was amply supported by the record and proven by the state. ***" (Emphasis added.)

In the present case, the prosecutor stated that appellant (1) had a blood-alcohol content level of .16; (2) was driving under suspension; (3) made no attempt to avoid the collision, neither applying his brakes nor swerving to avoid it; (4) struck the rear-end of the vehicle legally stopped in front of him, causing the serious injury to the woman driving the car. By driving while under the influence appellant disregarded a known risk that his conduct would create substantial injury to himself and others. Both the *Kavlich* and *Stinson* cases cited, *supra,* hold that evidence that appellant was driving under the influence is sufficient to support a finding of reckless. We therefore conclude that the trial court had before it sufficient evidence to conclude that appellant was reckless in the instant case.

Accordingly, appellant's third assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

CHRISTLEY, P.J., and MAHONEY, J., concur.

---

[1] Appellant erroneously cites *State v. Beener* (1977), 54 Ohio App. 2d 14, to support his position. *Beener* is inapplicable to the instant case for several reasons. First, *Beener* simply held that the definition of "recklessness" in R.C. 2901.22(C) was inapplicable to R.C. 4511.201, which provided that no person shall operate a vehicle on a public highway "without due regard for the safety of persons or property." Second, R.C. 4511.201 was superseded by R.C. 4511.20 which changed the standard for reckless operation from one of "due regard" to one of "willful or wanton

disregard." And finally, nothing in *Beener* precluded the imposition of criminal assault liability to operators of motor vehicles.