# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | )      ID No. 2002011676 |
| v. | ) |
| JAMES SCHAEFFER-PATTON | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

David Skoranski, Esq., Deputy Attorney General for Delaware Department of Justice.

Eugene J. Maurer, Jr., Attorney for Defendant.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 2, 2020, the State of Delaware ("the State"), by indictment, charged Defendant James Schaeffer-Patton ("Defendant") with two counts of Abuse of a Corpse, pursuant to Delaware Criminal Code Section 1332.[1] The State alleges that on January 31, 2018, and July 5, 2019, Defendant abused corpses while acting in the scope of his employment as a Forensic Investigator with the Delaware Division of Forensic Science.

On January 31, 2018, Defendant was called to the scene of a suicide by hanging. Police officers reported that Defendant dragged the decedent through the home by the hanging device wrapped around the neck.[2] Separately, on July 5, 2019, Defendant was called to the scene of a drug overdose death. Police officers reported that Defendant put the decedent into a body bag and dragged the bag

---

[1] 11 *Del. C.* §1332.
[2] D.I. 29.

down three flights of stairs. The officers claimed that on the way down, Defendant caused the decedent's head to hit each stair. Police officers at both incidents reported the conduct to their supervisors.[3]

On October 20, 2021, Defendant filed a Motion to Dismiss Indictment, alleging that the language of Section 1332 of the Delaware Criminal Code should be found void under the void for vagueness doctrine.[4] On February 1, 2022, the Court heard oral arguments from both parties on whether the statute is void.

## II.   STANDARD OF REVIEW

A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated behavior is forbidden or if it encourages arbitrary or erratic enforcement.[5] The penal statute must define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited.[6]

The Delaware Supreme Court has outlined the test to be applied when a challenge for vagueness is brought:

> "[T]he terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties . . .; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess

---

[3] *Id.*
[4] *Grace v. State*, 658 A.2d 1011, 1015 (Del. 1995) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (internal citations omitted)).
[5] *Taylor v. State*, 76 A.3d 791, 797 (Del. 2013) (quoting *Hoover v. State,* 958 A.2d 816, 820 (Del.2008)).
[6] *Grace v. State*, 658 A.2d 1011, 1015 (Del. 1995) (citations omitted).

at its meaning and differ as to its application violates the

first essential of due process of law."[7]

In challenges of vagueness, when First Amendment issues are not implicated, "the litigant must demonstrate that the statute under attack is vague as applied *to his own conduct*, regardless of its potentially vague application to others."[8]

## III.   ANALYSIS

Defendant moves to dismiss the indictment for Abuse of a Corpse, claiming that the statutory language is vague and offends due process.

Section 1332 of the Delaware Code defines Abuse of a Corpse: "A person is guilty of abusing a corpse when, except as authorized by law, the person treats a corpse in a way that a reasonable person knows would outrage ordinary family sensibilities."[9]

### A. Ordinary Family Sensibilities

Defendant first argues that the phrase "ordinary family sensibilities" is "extremely vague."[10] Defendant asserts that the word "ordinary" is subjective and is based on an individual's personal beliefs, and that "[t]he composition . . . of an ordinary family and their views on the proper treatment of the deceased varies widely."[11] Defendant notes that different cultures dispose of bodies in different ways.

---

[7] *State v Baker*, 720 A.2d 1139, 1148 (Del. 1998) (quoting *State v. J.K.*, 383 A.2d 283, 291 (Del. 1977)).
[8] *State v. Sailer*, 684 A.2d 1247, 1249 (Del. Super. 1995) (quoting *In re Hanks*, 553 A.2d 1171, 1176 (Del. 1989))(emphasis added).
[9] 11 *Del. C.* §1332.
[10] Defendant's Motion, ¶ 6.
[11] *Id.*

While the Court has not found any Delaware specific case law that addresses this issue, other jurisdictions with similar statutory language have faced challenges under the vagueness doctrine. In Pennsylvania, the abuse of a corpse statute, which also includes the phrase "ordinary family sensibilities", was challenged and upheld in *Commonwealth v. Browne*.[12] In that case, the defendant claimed that the statute was excessively vague and violated his due process rights. Judge Cavanaugh, writing the opinion, made careful analysis of the legislature's intent and previous Pennsylvania courts' review of the statute.[13] He cited *Commonwealth v. Keller*, in which the court explained that it is a crime to deprive a decedent of a proper burial, by disgracefully exposing or disposing of the body "irrespective of their religious aspects of burial and life hereafter, be it Christian, Jew, or Agnostic."[14] The *Browne* court noted that the state legislature could have been more precise in its statutory language, but ultimately held that it was not constitutionally obligated to do so. Cavanaugh wrote that a "man of ordinary intelligence in this society knows what ordinary family sensibilities are toward the disposition of dead bodies and that the legislature need not have enumerated these sensibilities in any detail."[15] He stated that the enforcement of the statute would not give rise to arbitrary and erratic arrests.[16]

In Ohio, the abuse of corpse statute, which included the phrase "reasonable community sensibilities", was challenged in *State v. Glover*.[17] The State of Ohio appealed after a trial court found the statute unconstitutionally vague and dismissed the indictment. The Court of Appeals reversed and remanded, holding that, "[a]

---

[12] *Commonwealth v. Browne*, 74 2d 724, 732-33 (Pa. Com. Pl. 1976).
[13] *Id.* at 727-28.
[14] *Id.* at 730 (citing *Com. v. Keller*, 35 2d 615, 628 (Quar. Sess. 1964)).
[15] *Id.* at 732.
[16] *Id.*
[17] *State v. Glover*, 479 N.E.2d 901, 904 (Ohio App. 1984).

criminal statute is not void for vagueness simply because it requires a person to conform to an imprecise but comprehensible normative standard. A statute is vague because it specifies no standard of conduct at all."[18] The court held that the language used in the statute is commonly understood by people of common intelligence.[19] It also recognized that other courts had previously approved the use of a contemporary community standard such as this one.[20]

These cases demonstrate that the type of language used in Section 1332 has withstood void for vagueness scrutiny across jurisdictional lines. Hence, it appears that people of common intelligence can discern what "ordinary family sensibilities" means in the context of this statute without guessing at its meaning and differing as to its application.

### B. *Mens Rea*

Defendant next argues that the statute fails to include the proper *mens rea* and that the language does not afford a defendant any relief from its indeterminacy. Defendant references the Model Penal Code ("MPC"): "[e]xcept as authorized by law, a person who treated a corpse in a way that *he knows* would outrage ordinary family sensibilities commits a misdemeanor."[21] Defendant claims that the Delaware statute differs from the MPC by rendering the person's state of mind irrelevant, and instead elects for an objective reasonable person standard.

The State argues that the statute does not render the state of mind irrelevant, but rather categorizes it as a factor among many that the jury may consider "in determining whether a reasonable person would know the acts to be outrageous."[22]

---

[18] *Id.*
[19] *Id.*
[20] *Id. See also, Dougan v. State,* 912 S.W.2d 400 (Ark. 1995); Ark. Code Ann. § 5-60-101.
[21] MPC §250.10, Comment 2 (1980) (emphasis added).
[22] State's Opp. Br. ¶ 7.

The Commentary to Section 1332 states that the Prosecutor must prove that "a reasonable man would have known that ordinary family sensibilities would be outraged."[23] Thus, knowledge is still a factor for a jury to consider, but through the lens of a reasonable person. Indeed, this language corresponds to the Commentary for the Model Penal Code, which states, "[o]f course, the actor's idiosyncratic view of what is outrageous does not matter. The standard is objective; it does not vary either to exculpate on the basis of the actor's unusual callousness or to condemn for outraging an excessively delicate relative of the deceased."[24]

The State also notes that it is not uncommon for Delaware criminal statutes to include an objective reasonable person standard. For example, the manslaughter statute, 11 *Del. C.* § 632, reads "[w]ith intent to cause serious physical injury to another person the person causes the death of such person, employing means which would to *a reasonable person* in the defendant's situation, knowing the facts known to the defendant, seem likely to cause death."[25] Additionally, the justification for use of force statute, 11 *Del. C.* § 464, requires a reasonable belief that the use of force is necessary.[26]

### C. The Role of the Forensic Investigator

At the hearing on the Motion, Defendant argued that a forensic investigator has jurisdiction at the scene of a death and should either be afforded discretion to treat the decedent, or alternatively, be granted an exception under the statute, akin to a medical professional performing an autopsy. Further, Defendant argues that his conduct was dictated by circumstances beyond his control. Specifically, in one

---

[23] D.I. 31.
[24] MPC §250.10, Comment 2 (1980).
[25] 11 *Del. C.* § 632 (emphasis added).
[26] 11 *Del. C.* § 464.

6

of the indicted charges, Defendant asserts that he was unable to follow standard procedure, because the body was located at the end of a narrow hallway. Defendant argues that these circumstances highlight the vagueness of the statute, and that there is no common understanding to guide him when dealing with corpses on a regular basis. Instead, he argues, forensic investigators must use guesswork in determining where the line is drawn in doing their jobs. Defendant asserts that the typical conduct in view with this type of criminal statute is behavior such as mutilation or sexual acts with a corpse, rather than his actions which were conducted in a professional setting.

In response, the State contends that a legislature is not expected to encapsulate all human conduct, including that of a forensic investigator. The State suggests that the Court must focus on the established test for vagueness of whether the statute is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, rather than scrutinize the circumstances of Defendant's profession.

### D. Analysis

After considering the forementioned factors and arguments, the Court finds that the Delaware statute is not void for vagueness.

The statutory language specifies a comprehensible normative standard of conduct rather than no standard of conduct at all. Hence, an offender is not unreasonably left to guess at whether his actions would run afoul of the proscriptions in the statute. A jury would be tasked with determining whether these forms of conduct – dragging a body by a hanging device and dragging a body down flights of stairs while the head hits each stair – would outrage ordinary family sensibilities as judged under an objective standard rather than Defendant's

own idiosyncratic views on handling a corpse. This is the case no matter one's subjective interpretation of the word "ordinary". This alleged conduct could theoretically outrage family sensibilities, no matter the varied composition of families or their different views of the proper treatment of the dead. In contrast, applying the reasonable person standard, a jury could theoretically find that the alleged action of Defendant constitutes nothing more than negligence in handling of a corpse, hence, exonerating Defendant of criminal culpability. Indeed, both the Model Penal Code and Delaware statute account for reasonable person standards while handicapping for the idiosyncrasies of an extremely callous defendant or a particularly overly sensitive relative of the deceased.

Further, it is for the jury and not the Court to determine whether Defendant is in fact guilty of this crime. The only question for the Court is if the statutory language – whether a reasonable person would know that this alleged conduct offends ordinary family sensibilities – is void for vagueness. In other words, does it leave men of common intelligence to guess at its meaning and thus, differ as to its application? Here, it does not. The Court acknowledges the peculiarities of this case. The challenges and intricacies surrounding a forensic investigator's job, such as efficiency and speed in removing a body, differ from those of a layman. Such circumstances may support a valid defense. However, they do not render the statute itself void. The statute makes no exception for forensic investigators or their transporting of bodies, and the Court will not create one here. As with all criminal statutes, it is within the State's discretion to properly determine when to bring charges under this statute. The ultimate discretion of guilt or innocence will fall to the jury, and the conduct prohibited in the statute here is sufficiently articulated to make such a determination.

8

## IV. CONCLUSION

For the foregoing reasons, Section 1332 of the Delaware Code passes the vagueness test. It is sufficiently explicit to inform those who are subject to it what conduct will render them liable to its penalties. Thus, Defendant's Motion to Dismiss Indictment is **DENIED**.

**IT IS SO ORDERED**, this 19th day of May, 2022.

_____
Sheldon K. Rennie, Judge