**Rickey B. UPSHUR, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Feb. 11, 1980.

Decided July 21, 1980.

---

Larry W. Fifer, Dover (argued) and Douglas W. Lundblad of Schmittinger & Rodriguez, P. A., Dover, for defendant below—appellant.

Dana C. Reed, Deputy Atty. Gen., Dover (argued), for plaintiff below—appellee.

Before HERRMANN, C. J., and McNEILLY and HORSEY, JJ.

HORSEY, Justice:

Defendant, Rickey Upshur, was arrested in a convenience store after a store employee observed defendant attempting to shoplift merchandise and called the police. Upon a pat–down search, the arresting officer discovered that defendant was carrying a butcher knife [1] concealed in the waistband of his pants, covered by his shirt. At trial, defendant's defense was that he was involuntarily intoxicated as a result of the unexpected synergistic effect of a prescribed drug and alcohol. The Judge charged the jury with the law pertaining to voluntary and involuntary intoxication; and defendant was convicted on charges of carrying a concealed deadly weapon (11 *Del.C.* 1442) [2] and possession of a deadly weapon by a prohibited person (11 *Del.C.* § 1448).[3]

On appeal, defendant raises six issues, namely:

1. The concealed weapon was an ordinary butcher knife measuring 11½″ in total length with a 6¾″ long blade.

2. 11 *Del.C.* § 1442 provides:
   "*§ 1442. Carrying a concealed deadly weapon; class E felony.*
   A person is guilty of carrying a concealed deadly weapon when he carries concealed a deadly weapon upon or about his person without a license to do so as provided by § 1441 of this title."

3. 11 *Del.C.* § 1448 provides:
   "*§ 1448. Purchase and possession of deadly weapons by certain persons prohibited; class E felony.*
   Any person, having been convicted in this State or elsewhere of a felony or a crime of violence involving bodily injury to another, whether or not armed with, or having in his possession any weapon during the commission of such felony or crime of violence, or any person who has ever been committed for

(1) the statutes defining the weapons offenses (§ 1442 and § 1448) are unconstitutionally vague;

(2) the consecutive sentences for violations of § 1442 and § 1448 subject defendant to double punishment for the same offense;

(3) there was no evidence adduced at trial to show that defendant knowingly possessed the weapon and thus the State failed to prove the requisite state of mind for the offenses;

(4) the State failed to prove that defendant did not have a permit to carry the knife, which is an element of the offense as defined in § 1442;

(5) the Court's instruction as to involuntary intoxication was inadequate; and

(6) the Court erred in refusing to instruct the jury as to carrying a concealed dangerous instrument (§ 1443) as a lesser included offense of carrying a concealed deadly weapon (§ 1442).

For the reasons stated below, we find each of defendant's contentions without merit and affirm the convictions.

*First*, defendant argues that the definition of "deadly weapon" which is incorporated into both weapons charges is unconstitutionally vague. Section 222(5) defines a deadly weapon as "any weapon from which a shot may be discharged, a knife of

a mental disorder to any hospital, mental institution or sanatorium (unless he possesses a certificate of a medical doctor or psychiatrist licensed in this State that he is no longer suffering from a mental disorder which interferes with or handicaps him in the handling of a firearm), or any person who has been convicted for the unlawful use, possession or sale of a narcotic, dangerous drug or central nervous system depressant or stimulant drug as those terms were defined prior to the effective date of the Uniform Controlled Substance Act in January 1973, or of a narcotic drug or controlled substance as defined in Chapter 47 of Title 16, who purchases, owns, possesses or controls any deadly weapon is guilty of a class E felony."
   Defendant had prior convictions for first degree burglary, conspiracy, and possession of stolen property, all felonies, and does not challenge the general applicability of this statute to him as a convicted felon.

any sort (other than an ordinary pocket-knife carried in a closed position), switchblade knife, billy, blackjack, bludgeon, metal knuckles, slingshot, razor, bicycle chain or ice pick." 11 *Del.C.* § 222(5). Defendant argues that "a knife of any sort" is so vague as to fail to give notice of the conduct prohibited.

■ Defendant correctly recites · the standard for examining statutes against challenges of vagueness, namely that the statute must be drawn with sufficient specificity and clarity so as to inform a person of reasonable intelligence of the conduct which is proscribed. *State v. J. K.*, Del. Supr., 383 A.2d 283 (1977), cert. denied *sub nom. Thornton v. Delaware*, 435 U.S. 1009, 98 S.Ct. 1882, 56 L.Ed.2d 392 (1978). However, this Court has held, as to vagueness challenges not involving First Amendment freedoms, that a statute must be examined in the light of the facts of the particular case. *Wright v. State*, Del.Supr., 405 A.2d 685 (1979). The challenged statute in *Wright* prohibited theft of services and the Court fashioned the inquiry:

"Thus, we must decide whether 11 *Del.C.* § 845 adequately notified Wright that his actions would be unlawful. In other words, should he have known that, in the circumstances of his case, his repeated breaking of D.P.& L. seals, removing of insulated boots, and reconnecting of his electricity without payment, would constitute 'tampering with any facility or equipment . . . to avoid payment for the services'?" 405 A.2d at 687.

Translating the *Wright* test to the facts of this case, the question becomes whether Upshur reasonably should have known that carrying a butcher knife concealed in the waistband of his pants constituted carrying a concealed deadly weapon, where deadly weapon includes "a knife of any sort." The answer is self–evident. Thus, we find that § 1442 and § 1448 are not unconstitutionally vague as applied in this case and we will not be swayed by defendant's pleas on behalf of those whom he fears might be arrested if found to be carrying toy or table knives in their pockets.

■ *Second*, the imposition of consecutive sentences for violations of § 1442 and § 1448, arising out of the same course of conduct, does not violate the due process clause. Under the *Blockberger* test, recently embraced by this Court in *Hunter v. State*, Del.Supr., 420 A.2d 119 (1980), it is clear that each of the statutes requires proof of an element not required by the other; that is, § 1442 requires proof of concealment and § 1448 requires proof of a prior felony conviction. Thus, these offenses are not the same for jeopardy purposes.

■ *Third*, neither § 1442 nor § 1448 prescribes any state of mind as a requisite element thereof. Section 251 of the Criminal Code provides that even where no specific state of mind is prescribed by the statute defining the offense the State must prove intent, knowledge or recklessness. 11 *Del.C.* § 251(b). Defendant asserts that no evidence was introduced by the State to prove any of these states of mind. However, defendant misconstrues the law. The Trial Judge properly and adequately charged the jury that intent, knowledge or recklessness could be inferred from the surrounding circumstances of the crime. 11 *Del.C.* § 307.[4] Moreover, there was ample circumstantial evidence put before the jury

---

4. 11 *Del.C.* § 307 provides:

"*§ 307. Jury inference of defendant's intention, recklessness, knowledge or belief.*

(a) The defendant's intention, recklessness, knowledge or belief at the time of the offense for which he is charged may be inferred by the jury from the circumstances surrounding the act he is alleged to have done. In making the inference permitted by this section, the jury may consider whether a reasonable man in the defendant's circumstances at the time of the offense would have had or lacked the requisite intention, recklessness, knowledge or belief.

(b) When the defendant's intention, recklessness, knowledge or belief is an element of an offense, it is sufficient to establish a prima facie case for the State to prove circumstances surrounding the act which the defendant is alleged to have done from which a reasonable juror might infer that the defendant's intention, recklessness, knowledge or belief was of the sort required for commission of the offense."

to support their finding of the requisite state of mind.

■ *Fourth*, defendant asserts that the State failed to meet its burden of proving that defendant did not have a license to carry the concealed weapon. Defendant ignores the clear import of 11 *Del.C.* § 305 [5] which places the burden of proving that he was legally entitled to carry the deadly weapon (by virtue of a license) on the defendant.

■ *Fifth*, defendant requested a charge to the jury which defined involuntary intoxication. The Trial Judge fully and adequately charged the jury with the definitions relating to intoxication as set out in 11 *Del.C.* §§ 421–24. Voluntary intoxication, as defined by the Criminal Code, was stated by the Trial Judge in his charge to be "intoxication caused by substances which the actor knowingly introduces into his body, the tendency of which to cause intoxication he knows or should know. . . ." 11 *Del.C.* § 424(2). Involuntary intoxication, as defined by the Criminal Code, was also charged by the Trial Judge as intoxication which is not voluntary. The Trial Judge's instruction was clear, correct and adequate. The requested instruction being entirely duplicative of the instructions given, the Trial Judge did not err in refusing to give it.

■ *Sixth*, defendant argues that the Trial Judge erred in not giving the requested instruction to the jury that carrying a concealed deadly instrument (§ 1443) is a lesser offense included in carrying a con-

cealed deadly weapon (§ 1442). A reading of the substantive statutes and the underlying definitions reveals that § 1443 is not a lesser included offense of § 1442. Section 1442 requires the possession of a concealed deadly weapon without regard to an unlawful purpose or intention or threat to cause harm. Section 1443, by incorporating the definition of dangerous instrument from § 222(4),[6] is inextricably tied to the *use* of the weapon and requires a showing that the instrument was "used, attempted to be used, or threatened to be used" to cause physical injury. Thus the latter weapons charge (§ 1443) is not "established by proof of the same or less than all the facts required to establish the commission of the offense charged" and is not, therefore, a lesser included offense of § 1442. 11 *Del.C.* § 206(b)(1).[7] The facts adduced at trial did not prove or go toward proof of any use, attempted use or threatened use of the weapon. Therefore, it was proper for the Judge to refuse to instruct the jury on the elements of § 1443.

For the foregoing reasons, the convictions of defendant are affirmed.

---

5. 11 *Del.C.* § 305 provides:

"*§ 305. Exemption from criminal liability; affirmative defense to be proved by defendant.*

When this Criminal Code or another statute specifically exempts a person or activity from the scope of its application and the defendant contends that he is legally entitled to be exempted thereby, the burden is on the defendant to prove, as an affirmative defense, facts necessary to bring him within the exemption."

6. 11 *Del.C.* § 222(4) provides:

" 'Dangerous instrument' means any instrument, article or substance which, under the circumstances in which it is used, attempted

to be used or threatened to be used, is readily capable of causing death or serious physical injury."

7. 11 *Del.C.* § 206 provides in part:

"*§ 206. Method of prosecution when conduct constitutes more than one offense.*

\*　　\*　　\*　　\*　　\*　　\*

(b) A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:

(1) It is established by the proof of the same or less than all the facts required to establish the commission of the offense charged. . . ."