Gary W. GRACE, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 311, 1994.

Supreme Court of Delaware.

Submitted: May 16, 1995.
Decided: June 5, 1995.

Lloyd A. Schmid, Jr., Asst. Public Defender, Dover, for appellant.

John Williams, Deputy Atty. Gen., Dover, for appellee.

Before VEASEY, C.J., HOLLAND and HARTNETT, JJ.

VEASEY, Chief Justice:

In this appeal, we consider the contentions of defendant below-appellant Gary Grace ("Grace") that: (1) the Superior Court erred in reading to the jury certain language contained in the statute relating to assault in the first degree for carjacking, 11 *Del.C.* § 613(a)(8)(e) (the "carjacking injury statute"); and (2) the carjacking definition in 11 *Del.C.* § 222(2) (the "carjacking definition") is constitutionally void for vagueness. After reviewing the record and the applicable authorities, we find that the Superior Court did not err in reading the carjacking injury statute to the jury, and that the carjacking definition is not constitutionally void for vagueness. Grace also contends that since the carjacking injury statute permits conviction for assault in the first degree if the victim is injured "intentionally or unintentionally," the statute is unconstitutional. Based upon our resolution of these two issues noted above in the context of the facts of this case, in which the trial judge charged the jury that it must find Grace's acts to be intentional, we need not reach this contention that the carjacking statute is unconstitutional. Therefore, we **AFFIRM** the decision of the Superior Court.

## I. FACTS

On January 29, 1994, James Mulligan ("Mulligan"), experienced car problems while driving his car through Dover, Delaware, and pulled into the Dover Pep Boys parking lot

for assistance. Mulligan parked his car, left the motor running, and checked under the hood. While Mulligan was checking under the hood, Grace approached Mulligan and asked if he needed help. Mulligan assumed that Grace worked at Pep Boys, and permitted Grace to get into the car to diagnose the problem. Grace revved the engine a few times and then closed the door of the car and drove out of the parking lot onto U.S. Route 13.

After Grace drove off, Mulligan ran after him and caught up with Grace at a red light. Mulligan pulled the driver's door open, but Grace closed the door and started moving with the highway traffic. Mulligan grabbed onto the roof rack and tried to flag down other motorists. Grace attempted to shake Mulligan loose by speeding up and then rapidly braking. Finally, Grace pulled over, slammed on the brakes, and Mulligan fell onto the highway. Mulligan had to be treated for two sprained fingers, as well as scrapes and bruises to his hands and knees.

Later that evening, Delaware State Police Corporal Christopher Foraker ("Foraker") spotted Mulligan's vehicle being driven by Grace at approximately seventy miles per hour. Foraker pulled the car over and brought Grace to the police station. Grace was charged with theft over $500, assault in the third degree, reckless driving, and driving during revocation. On March 7, 1994, Grace was indicted for reckless endangering first degree, assault first degree, driving during revocation, and criminal mischief over $1500. After a two-day jury trial, Grace was convicted of assault in the first degree, reckless endangering in the first degree and criminal mischief over $1500. He was subse-

quently sentenced. Grace appeals both his conviction and sentence.

## II. THE COURT'S INCLUSION OF SECTION 613(a)(8)(e) WITHIN ITS JURY INSTRUCTIONS WAS NOT REVERSIBLE ERROR

The carjacking injury statute, 11 *Del.C.* § 613(a)(8)(e), provides that: "A person is guilty of assault in the first degree when ... such person carjacks a motor vehicle, as carjacking is defined in § 222 of this title," and while in possession of the vehicle, *"intentionally or unintentionally* causes 'physical injury,' as that term is defined in § 222(20) of this title, to another person." (Emphasis added.)

### A. The Jury Instructions

 At the outset of the trial, the court expressed concern about the italicized portion of the statute, questioning the wisdom of pairing the terms "intentional" and "unintentional." The court ultimately informed counsel[1] that it would charge the jury under 11 *Del.C.* § 251 ("Section 251")[2] that they must find that Grace acted intentionally, knowingly or recklessly. The court concluded:

That basically means I don't get into the situation of saying "intentionally or unintentionally." That way I don't have to define intentional and then turn around and say unintentionally means the opposite and then charg[e] under 251.

And then, just prior to instructing the jury, the court stated:

As to the assault in the first degree, I think the statute said "did intentionally or unintentionally cause physical injury." And as I told you yesterday, I think that is a poor choice of words that can cause confusion, basically negating each oth-

---

1. We note that the Superior Court failed to ensure that the sidebar conference(s) involving this issue were properly recorded. *See In re Butler,* Del.Supr., 609 A.2d 1080, 1082 n. 3 (1991) (court's responsibility to ensure that sidebar conferences are duly recorded); *Whalen v. State,* Del.Supr., 492 A.2d 552, 558 & n. 3 (1985) (same); *Ross v. State,* Del.Supr., 482 A.2d 727, 734 n. 9 (1984), *cert. denied,* 469 U.S. 1194, 105 S.Ct. 973, 83 L.Ed.2d 976 (1985). We continue to stress to the trial judges and the trial bar the importance of preserving the content of these discussions. We also note that it is the responsi-

bility of the defendant-appellant to confirm that all facts appear in the record. *Tricoche v. State,* Del.Supr., 525 A.2d 151, 154 (1987) ("This Court can only evaluate issues raised on appeal by viewing the facts that actually appear in the record").

2. Section 251(b) provides:

When the state of mind sufficient to establish an element of an offense is not prescribed by law, that element is established if a person acts intentionally, knowingly or recklessly.

er.... I think, Section 251, using intentional, knowing and reckless [is better].

The court ultimately instructed the jury that it was to find Grace guilty of first degree assault if it concluded that he acted intentionally, knowingly, or recklessly. Grace contends, however, that the court erred when it opened its instruction by stating that the indictment charged Grace with carjacking a motor vehicle and, while in possession of said vehicle, either "intentionally or unintentionally" injured Mulligan.[3] Grace claims that the court's inclusion of the phrase "intentionally or unintentionally" ultimately confused the jury and adversely affected his right to a fair trial.

■ Grace's counsel did not object to the jury charge at trial. Therefore, his objection is waived unless he sustains his burden to show that the standard and scope of review should be plain error. *Tucker v. State*, Del.Supr., 564 A.2d 1110, 1118 (1989). An error will be viewed as plain error " 'where substantial rights are jeopardized and the fairness of the trial imperiled....' " *Robertson v. State*, Del.Supr., 596 A.2d 1345, 1356 (1991) (quoting *Stansbury v. State*, Del. Supr., 591 A.2d 188, 191 (1991)).

> Pursuant to the plain error standard, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.... Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice.

*Robertson*, 596 A.2d at 1356 (quoting *Wainwright v. State*, Del.Supr., 504 A.2d 1096, 1100 (internal citations omitted), *cert. denied*, 479 U.S. 869, 107 S.Ct. 236, 93 L.Ed.2d 161 (1986)). In the context of the entire instruction, it is not clearly apparent that the trial court's actions in reading the "intentionally or unintentionally" language to the jury was a prejudicial error so "basic, serious and fundamental in ... character" as to deprive Grace of a substantial right.

■ A defendant is not entitled to a particular jury instruction, only to a correct statement of the substance of the law. *Scott v. State*, Del.Supr., 521 A.2d 235, 243 n. 9 (1987); *Flamer v. State*, Del.Supr., 490 A.2d 104, 128, *cert. denied*, 464 U.S. 865, 104 S.Ct. 198, 78 L.Ed.2d 173 (1983). Therefore, as long as the court's jury instruction was legally correct, the fact that it differed from Grace's desired instruction is irrelevant. The instruction here was legally sound—it summarized Delaware's carjacking and assault laws as they currently stand.

The "intentionally or unintentionally" language within the charge did not have a bearing on Grace's conviction, as the court clearly instructed the jury that it could find Grace guilty of first degree assault *only* if Grace acted intentionally, knowingly or recklessly. Based on the jury's conviction of Grace for reckless endangering, a crime which requires proof of intentional, knowing or reckless conduct, it appears that the jury found that Grace did so act, and his conviction for assault was likely premised upon the same finding. It was Grace's responsibility to object to the instructions. Since Grace did not, and there does not appear to be plain error, his claim must fail as waived.

3. The court's instruction read as follows:

> Returning to the indictment, Count 2, assault in the first degree, a felony, in violation of Title 11, Section 613(a)(8)(e) of the Delaware Code, Gary W. Grace on or about the 29th day of January, 1994, County of Kent, State of Delaware, did carjack a motor vehicle belonging to James O. Mulligan as defined in 11 Delaware Code, Section 222, and while in possession or control of such vehicle, did intentionally or unintentionally cause physical injury to James O. Mulligan.
>
> In order to find the defendant guilty of assault in the first degree, you must find all of the

> following elements have been established beyond a reasonable doubt:
>
> * * * * * *
>
> 3. The defendant acted with either of the following states of mind: Intentionally, knowingly or recklessly, as I have just defined those terms for you.
>
> If, after considering all of the evidence, you find the State has established beyond a reasonable doubt the defendant, Gary W. Grace, acted in such a manner as to satisfy all of the elements I've just stated ... you should find the defendant guilty of assault in the first degree.

## B. The Constitutionality of Section 613(a)(8)(e)

█ Finally, Grace claims that Section 613(a)(8)(e) is unconstitutional because the inclusion of the term "unintentionally" impermissibly renders carjacking a strict liability crime. Given our holding that the Superior Court's instruction requiring a finding of intentional, knowing or reckless conduct to convict Grace remedied any potential prejudicial error, there is no need for us to consider Grace's claim.[4] The "intentionally or unintentionally" language was mere surplusage in the court's jury charge. Since the charge to the jury clearly required the element of intent, the surplusage did not prejudice Grace.

## III. THE DELAWARE CARJACKING STATUTE IS NOT UNCONSTITUTIONALLY VOID FOR VAGUENESS.

█ "Carjacking" is defined in Section 222(2):

> "Carjack" or "carjacking" shall mean unlawfully taking possession or control of a motor vehicle by coercion, by duress or without the permission of the owner or any occupant of such vehicle, while such owner or other person is in or within 10 feet of the vehicle, whether or not anyone is injured by the offender in taking possession or control of the vehicle, and whether or not the offender physically drove or operated the vehicle.

The crime of carjacking is subsumed within both Reckless Endangering First Degree (Section 604(b)), and Assault First Degree (Section 613(a)(8)(e)).[5] Grace claims that the definition of carjacking set out in Section 222(2) "brings within its ambit many activities ranging from the innocent and the absurd to conduct chargeable under other criminal provisions," and as such is constitutionally void for vagueness.

█ Constitutional claims are subject to *de novo* review. *Chao v. State,* Del.Supr., 604 A.2d 1351, 1360 n. 7 (1992); *Gannett Co. v. State,* Del.Supr., 571 A.2d 735, 739 (1989), *cert. denied,* 495 U.S. 918, 110 S.Ct. 1947, 109 L.Ed.2d 310 (1990). "[T]he void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983); *accord Sanders v. State,* Del.Supr., 585 A.2d 117, 127 (1990); *Upshur v. State,* Del.Supr., 420 A.2d 165, 168 (1980); *see also Connally v. General Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127–28, 70 L.Ed. 322 (1926) ("A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates that first essential of due process of law"). "[A]ny statute may be drafted in vague language, but inartful drafting does not give rise to a constitutional claim. Rather, it forces the courts to apply the ambiguous statute to construe its language." *Sanders,* 585 A.2d at 127.

█ Applying Sections 222(2), 604(b) and 613(a)(8)(e) to Grace's conduct at issue, *see Young v. American Mini Theatres, Inc.,* 427 U.S. 50, 58–59, 96 S.Ct. 2440, 2446–47, 49 L.Ed.2d 310 (statute must be reviewed as it applies to defendant's own conduct), *reh'g denied,* 429 U.S. 873, 97 S.Ct. 191, 50 L.Ed.2d 155 (1976); *Wright v. State,* Del. Supr., 405 A.2d 685, 687 (1979) (same), the Court must determine whether these sections are clear enough so that Grace should have realized that his theft of Mulligan's car while in Mulligan's presence violated Delaware's carjacking law. *Upshur,* 420 A.2d at 168. If Grace's conduct falls within the common understanding of the statutory terms, then the statute is not void for vagueness.

---

4. We express no opinion whether it would be constitutionally impermissible to convict one who carjacks a vehicle and unintentionally causes injury. That is not this case, in view of the clear charge to the jury which required a finding of intentional conduct.

5. A carjacker can be convicted for Assault First Degree only if he or she caused physical injury; a carjacker can be convicted for Reckless Endangering First Degree, however, regardless of whether or not he or she caused any physical injury.

*Robinson v. State,* Del.Supr., 600 A.2d 356, 365 (1991).

In the present case, Grace's conduct falls within the common understanding of Section 222(2)'s definition of "carjacking." This is not an instance where Grace was arrested for, as his counsel states, "taking a motor vehicle registered in [his] spouse's name and having that spouse object ... [or] taking the wheel [when he] ha[d] the owner's permission to drive [but] another occupant object[ed] to [his] driving," etc. Rather, Grace drove Mulligan's car without Mulligan's permission, while Mulligan was hanging from the roof rack yelling that Grace was stealing his car.

A person of ordinary intelligence should know that taking someone's car without his permission is criminal conduct. Further, the definition of "carjacking" is clear enough to inform that person that his crime will be first degree reckless endangering if he takes the car while the owner is within ten feet, and first degree assault if the owner is within ten feet and is injured as a result of carjacking. Sections 222(2), 604(b) and 613(a)(8)(e) are not unconstitutionally vague, and Grace's claim must fail. *See also United States v. Watson,* E.D.Pa., 815 F.Supp. 827, 836 (1993) (finding that federal carjacking statute, 18 U.S.C. § 2119, was not unconstitutionally vague).

## IV. CONCLUSION

This Court has conducted a careful and extensive examination of Grace's claims of error, and has determined that they are without merit. The Superior Court's jury instruction required a finding of intent and was not confusing or prejudicial. Section 222(2) is not constitutionally void for vagueness. Given our holding concerning these two issues, we determine there is no need to reach Grace's claim that Section 613(a)(8)(e) is unconstitutional on the ground that it would permit conviction for unintentional injury during a carjacking.

The judgment of the Superior Court is **AFFIRMED.**