PER CURIAM:
In this appeal involving an eighty-year-old victim, we hold that a statute classifying theft as a felony when the victim is sixty years of age or older and theft as a misdemeanor when the victim is less than sixty years of age does not violate the Equal Protection Clause of the 14th Amendment to the United States Constitution. We further hold that the Superior Court did not abuse its discretion when it denied the defendant’s request to admit testimony about the victim’s prior use of a gun in an incident unrelated to the ease before the Superior Court.

*1187
Facts

Troy E. Abrams was convicted of felony theft for snatching a wallet containing $350.00 out of the hands of octogenarian victim George Terry. On September 4,1995, Abrams, Terry’s neighbor, knocked on Terry’s door and asked for fourteen dollars. Terry went to retrieve his wallet which contained $350.00. When Terry produced the wallet, Abrams snatched the wallet out of Terry’s hand and ran away. On September 6,1995, Terry reported the theft at the Camden, Delaware, police station.
During the ensuing jury trial, counsel for Abrams presented testimony, including a cross-examination of Terry himself, to show that Terry was forgetful and that he often misplaced items, later calling them stolen, only to have them turn up again. Additionally, Abrams’ counsel wanted to present testimony that Terry owned a gun and had, on a previous occasion unrelated to the current trial, fired the gun at “imaginary” intruders. The Superior Court denied counsel’s request to present this testimony due to its potential for confusing or misleading the jury.
Because of Terry’s age, Abrams was convicted of a felony instead of a misdemeanor pursuant to 11 Del.C. § 841(c)(2).[1] Abrams appeals his conviction to this Court based on equal protection grounds and because he believes the Superior Court abused its discretion when it did not allow him to admit testimony concerning Terry’s prior use of a gun.

Scope and Standard of Review Constitutional Claims

Constitutional claims are subject to plenary or de novo review by this Court to determine if the Superior Court committed an error of law.[2] Since no claim of a constitutional deficiency was ever presented to the Superior Court, this matter may now be reviewed by this Court only for plain error.

Age-Based Distinctions and Equal Protection

Abrams argues that 11 Del.C. § 841(e) (“section 841”) violates the 14th Amendment to the U.S. Constitution[3] because it classifies theft of less than $1,000.00 as a misdemeanor, unless the victim is 60 years old or older, in which ease the theft is a felony. He contends that the statute treats him differently from similarly situated offenders based on an arbitrary and unreasonable distinction, viz., the age of his victim.
According to Abrams, it is not proper to assume that most or even many persons over 60 are vulnerable or that they have decreasing physical or mental ability. He therefore submits that the proper way to account for the age of the victim in a statute such as section 841 is through consideration of the victim’s age as an aggravating factor on a case-by-case basis. Abrams relies on an in *1188 correct analysis of the rational basis standard of judicial scrutiny to arrive at his conclusions. Therefore, his contention is without merit.
Distinctions based on age involve neither a suspect class nor a fundamental right.[4] Therefore this Court reviews age-based distinctions using rational basis scrutiny.[5] Under rational basis review, if the age-based distinction in the statutory provision is neither irrational nor arbitrary, the provision will stand.[6] This Court said as much in Hughes v. State:[7]
In determining whether a statutory classification, not involving a suspect elass or fundamental right, violates the equal protection [or due process] clause, we presume that the distinctions so created are valid. ‘A statutory discrimination or classification will not be set aside if any state of facts reasonably may be conceived to justify it.’
The facts of the case sub judice present a prime example of the type of harm the legislature sought to redress by visiting harsher penalties upon those who prey on the elderly: a forgetful, absentminded man in his eighties, living alone, has his wallet snatched by the son of a neighbor. Because protecting the elderly is neither an arbitrary nor irrational basis upon which to make an age-based distinction under section 841, this provision does not violate the Equal Protection Clause.
Moreover, Abrams argues incorrectly that the statute treats him differently from similarly situated offenders. Section 841 subjects all offenders whose victims are above a certain age to the same felony classification. Age-based classifications are made in other provisions of the code in a similar manner. For example, 11 Del.C. § 773(2)[8] subjects all offenders whose victims are below a certain age to the same felony classification. Again, since the age-based distinction in each provision bears a rational relationship to a legitimate state interest, and since all individuals who commit offenses governed by these provisions are treated in the same manner, these provisions do not violate the Equal Protection Clause.

Scope and Standard of Review Admission of Testimony

Abrams further argues that the Superior Court abused its discretion when it denied Abrams’ request to admit testimony by cross-examination concerning Terry’s prior use of a gun. The Superior Court’s limitation on the extent of cross-examination of the victim witness under D.R.E. 403[9] is reviewed *1189 by this Court for abuse of discretion.[10]

Admission of Prior Unrelated Incident Testimony

Counsel for Abrams attempted to introduce evidence showing that Terry was afraid of people breaking into his house and that he had fired a gun at imaginary intruders on an occasion unrelated to this case. The Superior Court did not allow the evidence to be admitted, ruling that the probative value of the evidence was substantially outweighed by the danger of confusion of the issues or misleading the jury.
Abrams argues that the evidence about Terry’s use of a gun to fire at imaginary intruders was crucial to this case because it was relevant to the question of whether Terry’s wallet was stolen or that he simply misplaced it. Abrams further argues that the gun use evidence speaks to Terry’s credibility and reliability as a witness, and therefore should have been admitted.
The Superior Court did not abuse its discretion when it denied Abrams’ request to admit evidence that Terry fired a gun at imaginary intruders on a prior occasion. Abrams concedes that three defense witnesses already testified that Terry was prone to losing items and claiming that someone took them. Abrams further concedes that the gun incident evidence to some extent would have been cumulative of the evidence already admitted on Terry’s reliability. Terry himself, cross-examined as a victim witness, gave the jury an adequate picture of the nature and accuracy of his own powers of recall.
The testimony of these four individuals, ie., the three defense witnesses plus Terry’s own testimony, sufficiently advised the jury of that which the defense wanted the jury to consider: that Terry is an elderly, forgetful person whose testimony should be weighed accordingly. Therefore, presentation of the gun evidence would have been needlessly cumulative, adding nothing further of probative value, while also injecting the potential for unfair prejudice or jury confusion.
Even if the evidence about Terry’s use of a gun was admissible under D.R.E. 403, it remains inadmissible under D.R.E. 608(b).[11] Under the provisions of Rule 608(b), specific instances of the conduct of a witness for the purpose of attacking his credibility may not be proved by extrinsic evidence, but, in the discretion of the Superior Court, if probative of truthfulness, may be inquired into on cross-examination concerning the witness’ character for truthfulness or untruthfulness.
In the case at hand, however, Terry’s truthfulness or untruthfulness was never at issue. The defense emphasized repeatedly the theory that Terry was not intentionally lying, but that he was forgetful and confused. The defense was clear from its opening statement and throughout the trial that Terry was not a bad person or an intentional liar; he was simply elderly, forgetful and often confused.
Since Terry’s truthfulness or untruthfulness was never at issue in this ease, D.R.E. 608(b) precludes the admission of testimony on cross-examination relating to Terry’s pri- or use of a gun in an unrelated incident. Additionally, adequate testimony about Terry’s forgetfulness was provided to the jury from three witnesses plus Terry himself. Accordingly, we find that the Superior Court did not abuse its discretion when it denied Abrams’ request to admit this testimony.

*1190
Conclusion

We hold that Abrams’ contention that section 841 violates the Equal Protection Clause of the 14th Amendment is without merit. We further hold that the Superior Court acted well within its discretion when it denied Abrams’ request to admit testimony concerning Terry’s use of a gun on a prior occasion unrelated to the present case. Accordingly, the judgment of the Superior Court is AFFIRMED.

.§ 841. Theft; class G felony; class A misdemeanor; restitution.
(a) A person is guilty of theft when the person takes, exercises control over or obtains property of another person intending to deprive that person of it or appropriate it....
(c)(1) Except where a victim is 60 years of age or older, theft is a class A misdemeanor unless the value of the property received, retained or disposed of is $1,000 or greater, in which case it is a class G felony.
(2) Where a victim is 60 years of age or older, theft is a class G felony unless the value of the property received, retained or disposed of is $1,000 or greater, in which case it is a class F felony.
11 Del.C. §§ 841(a), (c). Effective July 10, 1996, which was after Abrams filed his appeal with this Court, 70 Del.La.ws, c. 364 substituted "$1,000 or greater” for "$500 or greater” in subsections (c)(1) and (c)(2). This substitution does not affect Abrams' substantial rights in this appeal.

. Grace v. State, Del.Supr., 658 A.2d 1011, 1015 (1995); Hercules, Inc. v. Leu Trust and Banking (Bahamas) Ltd., Del.Supr., 611 A.2d 476, 481 (1992).

. The Fourteenth Amendment provides:
Amendment XIV.
Section 1. All persons bom or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws.
U.S. CONST, amend. XIV, § 1.

. See State v. Demby, Del.Supr., 672 A.2d 59, 61 (1996) (defining the phrase, “14 years of age or younger” as including any person who has not yet attained the fifteenth birthday for purposes of treating as a death penalty aggravating factor the fact that the victim of the crime is fourteen years old or younger).

. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 441, 105 S.Ct. 3249, 3255, 87 L.Ed.2d 313 (1985) (differential treatment based on age will not receive heightened review); Hughes v. State, Del.Supr., 653 A.2d 241, 247 (1994) (age-based distinction drawn by an amendment to the reverse amenability statute does not affect a fundamental right or a suspect class).

. Cleburne, 473 U.S. at 446, 105 S.Ct. at 3257-58.

. Hughes v. State, 653 A.2d at 247 (quoting Marine v. State, Del.Supr., 607 A.2d 1185, 1207 (1992) (quoting Traylor v. State, Del.Supr., 458 A.2d 1170, 1177(1983))).

.§ 773. Unlawful sexual Intercourse in the third degree; class C felony.
A person is guilty of unlawful sexual intercourse in the third degree when the person intentionally engages in sexual intercourse with another person and any of the following circumstances exist:
(2) The victim is less than 16 years of age
Unlawful sexual intercourse in the third degree is a class C felony....
11 Del.C. § 773(2).

.Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Waste of Time.
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.
D.R.E. 403.

. See Pope v. State, Del.Supr., 632 A.2d 73, 78-79 (1993).

. Rule 608. Evidence of Character and Conduct of Witness.
(b) Specific instances of Conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609 [Impeachment by Evidence of Conviction of Crime], may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified....