JAVIER OCHOA, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 494, 2009.
Supreme Court of Delaware.
Submitted: November 10, 2009.
Decided: November 23, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices

ORDER
HENRY duPONT RIDGELY, Justice
This 23rd day of November 2009, upon consideration of the appellant's opening brief and the appellee's motion to remand, it appears to the Court that:
(1) The defendant-appellant, Javier Ochoa, filed an appeal from the Superior Court's July 31, 2009 order affirming his Court of Common Pleas conviction of Carrying a Concealed Dangerous Instrument.[1] The plaintiff-appellee, the State of Delaware, has moved to remand this matter to the Superior Court so that the matter may, in turn, be remanded to the Court of Common Pleas for entry of an order of dismissal of the charge.[2] For the reasons that follow, we conclude that the matter should be remanded to the Court of Common Pleas.
(2) The record reflects that, on April 22, 2008, two officers from the Wilmington Police Department were patrolling a high-crime area in the City of Wilmington. They stopped a woman in the 100 block of North Clayton Street who said she was looking for a friend named "Javier." A search of the DELJIS database revealed that the woman had an outstanding capias for her arrest. After taking the woman into custody, one of the officers stopped Ochoa, who was about a block away, and asked him if he knew the woman who had been arrested. He denied knowing the woman. Because the two had given the officers conflicting stories, Ochoa was patted down as a cautionary measure. A tire punch, a tool used to repair flat tires, was found in Ochoa's back pocket. When asked why he had the tool in his pocket, Ochoa stated that he used it in his work as a painter. Ochoa did not answer any of the officers' other questions.
(3) Ochoa was arrested and charged with Carrying a Concealed Dangerous Instrument. He was convicted at a non-jury trial in the Court of Common Pleas and was immediately sentenced to 60 days of Level V incarceration, to be suspended for 1 year of probation. Ochoa appealed to the Superior Court, which affirmed his conviction. In Ochoa's appeal to this Court, the State, in essence, concedes in its motion to remand that there was insufficient evidence presented at trial in the Court of Common Pleas to convict Ochoa of the charge of Carrying a Concealed Dangerous Instrument.[3] The State requests that, in the interest of justice, this matter be remanded to the Superior Court so that it might, in turn, be remanded to the Court of Common Pleas for dismissal of the charge.
(4) We conclude, in the interest of justice and efficiency, that the State's motion for remand should be granted. This matter will, therefore, be remanded to the Superior Court with directions to, in turn, remand it to the Court of Common Pleas for dismissal of the charge of Carrying a Concealed Deadly Instrument.
NOW, THEREFORE, IT IS ORDERED that this matter is hereby REMANDED to the Superior Court for further proceedings in accordance herewith. Jurisdiction is not retained.
NOTES
[1] Del. Code Ann. tit. 11, §§1443(a) and 222(4).
[2] Ct. Comm. Pleas Cr. R. 48(a).
[3] Upshur v. State, 420 A.2d 165, 169 (Del. 1980) (a conviction of that charge requires the State to demonstrate beyond a reasonable doubt that the instrument was "used, attempted to be used, or threatened to be used" to cause physical injury).