**CITY OF PARMA HEIGHTS, Appellee,**

**v.**

**JAROS, Appellant.**

[Cite as *Parma Heights v. Jaros* (1990), 69 Ohio App.3d 623.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 57539, 58910.

Decided Oct. 1, 1990.

624

*Andrew Lukcso,* City Prosecutor, for appellee.

*Peter A. Sackett,* for appellant.

PATTON, Chief Judge.

Appellant Thomas J. Jaros appeals from his convictions of two counts of violating Parma Heights Codified Zoning Ordinance ("P.H.C.O.") Section 1171.01. Each conviction resulted from separate trials with similar fact patterns. Appellant's separate appeals raise identical assigned errors. Thus, the appeals have been consolidated. However, we will separately state the facts from each appeal.

## Case No. 57539

Appellant resides in Parma Heights, Ohio. His residence is located in an area zoned for single family residential dwellings. Appellant races high performance automobiles. Appellant worked on a dragster at his residence each racing season from May to September. Appellant also painted, worked on and/or repaired other vehicles at his residence. Five motor vehicles are registered in appellant's name, three of which are classic vehicles and stored in appellant's backyard under a canvas.

Previously, appellant owned a business known as Horse Power Unlimited, at which appellant would rebuild, repair and work on diesel and gasoline engines. The business was destroyed by fire. Shortly thereafter, appellant began moving equipment and machinery onto the premises of his residence.

Neighbors living on each side of appellant's residence complained to the city that offensive noises and fumes came from appellant's residence when he worked on motor vehicles at his house. The noises consisted of starting the dragster's engine, running the air compressor located in appellant's garage, and the use of various tools within appellant's garage.

Complaining neighbors testified that they had seen engine blocks delivered to appellant's home. The neighbors described various motor vehicle parts located on appellant's premises. A tape recording of the noises emitted from appellant's residence as he worked on cars was admitted into evidence. Neighbors claimed that these noises occurred between 8:00 a.m. and 11:00 p.m. Appellant also owned a long red truck which he used to haul scrap from the vehicles he had worked on.

Appellant testified that working on cars was his hobby. Appellant insulated his garage in an attempt to minimize noise from the cars on which he worked. The garage also has an air conditioner, gas burner, and ventilation system. Four fifty-five-pound barrels were stored along the side of the garage. The barrels contained a water-soluble degreaser, steam cleaning soap, industrial-grade paint stripper, and a cleaning solvent. Appellant admitted that the paint stripper and cleaning solvent were flammable.

Appellant testified that he had only started the dragster's engine at his residence once in 1988 and once in 1986. Each time the engine ran for approximately one minute. Appellant testified that the air compressor located in his garage could only run for five minutes. Appellant admitted that he had repaired other vehicles on his premises; however, he could not recall the exact total.

Two neighbors testified on appellant's behalf. Walter Khoma, Jr., lives directly behind appellant. Khoma testified that he never heard loud noises coming from the garage or driveway of appellant's premises. However, Khoma admitted that he once heard appellant start the dragster's engine.

Glerice Didio lives directly behind one of appellant's complaining next-door neighbors. Didio testified that she had never heard loud engine noises coming from appellant's property. Further, Didio claimed that everybody in the neighborhood worked on motor vehicles.

The jury found appellant guilty of one count of conducting activities on premises zoned residential which are not customarily incidental to single

family dwellings in violation of P.H.C.O. Section 1171.01. Appellant appeals from this conviction.

## Case No. 58910

Subsequent to the first trial, appellant's neighbors filed additional complaints against him. The complaints charged appellant with conducting activities (*e.g.*, repairing and/or storing motor vehicles) on premises zoned residential which are not customarily incidental to single family dwellings in violation of P.H.C.O. Section 1171.01 and with storing an oversized truck in a residential district.

Appellant's next-door neighbors testified that excessive noise was still coming from appellant's premises as he worked on motor vehicles, that there were numerous motor vehicles parked on the premises, and that a large truck-trailer had been parked on the premises for months. Essentially, the parties' testimony was the same as the first trial.

Appellant's second trial resulted in his conviction of unlawful use of a building or structure on premises in a single family residence district contrary to P.H.C.O. Section 1171.01. Appellant also appeals from this conviction.

## I

The first assignment of error in both appeals argues that the court, in each case, erred in denying appellant's motion to dismiss because P.H.C.O. Section 1171.01 is vague and unconstitutional. P.H.C.O. Section 1171.01 reads as follows:

"1171.01 PERMITTED USES.

"Within any Class A District no building, structure or premises shall be used or arranged or designed to be used, except for one or more of the following uses:

"(a) A single-family dwelling,

"(b) Accessory uses customarily incident to the foregoing permitted use."

Appellant argues that P.H.C.O. Section 1171.01 fails to delineate specific permitted accessory uses.

## A

We will first address the applicable law to case No. 57539. The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that the language of a criminal statute must be sufficiently definite "to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *State v. Earlenbaugh* (1985), 18

Ohio St.3d 19, 21, 18 OBR 16, 17, 479 N.E.2d 846, 848, citing *United States v. Harriss* (1954), 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989, 996; *Papachristou v. City of Jacksonville* (1972), 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115; *Pepper Pike v. Felder* (1989), 51 Ohio App.3d 143, 555 N.E.2d 333. " * * * [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law * * *." *State v. Glover* (1984), 17 Ohio App.3d 256, 257, 17 OBR 524, 525, 479 N.E.2d 901, 903, citing *Connally v. General Constr. Co.* (1926), 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328; *State v. Willis* (Nov. 1, 1984), Cuyahoga App. No. 47788, unreported, at 10–11, 1984 WL 3554; *Cleveland v. Sportsmaster Express Agency* (May 12, 1983), Cuyahoga App. Nos. 45076 and 45077, unreported, at 3, 1983 WL 2973; *Lakewood v. Nearhouse* (Jan. 27, 1983), Cuyahoga App. No. 44993, unreported, at 5, 1983 WL 5708. " * * * The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." *Glover, supra,* 17 Ohio App.3d at 257, 17 OBR at 525, 479 N.E.2d at 903, citing *Colten v. Kentucky* (1972), 407 U.S. 104, 110, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584, 590. Thus, the Due Process Clause prohibits the states from holding an individual " 'criminally responsible for conduct which he could not reasonably understand to be proscribed.' " *Earlenbaugh, supra,* 18 Ohio St.3d at 21, 18 OBR at 17, 479 N.E.2d at 848, citing *United States v. Harriss, supra,* 347 U.S. at 617, 74 S.Ct. at 811, 98 L.Ed. at 996; *Wainwright v. Stone* (1973), 414 U.S. 21, 22, 94 S.Ct. 190, 192, 38 L.Ed.2d 179, 181; *Rose v. Locke* (1975), 423 U.S. 48, 49, 96 S.Ct. 243, 243, 46 L.Ed.2d 185, 188.

■ This constitutional requirement of definiteness, however, does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes contain some inherent vagueness. As noted by the Supreme Court of the United States, " '[i]n most English words and phrases there lurk uncertainties.' * * * Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid. * * * All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." *Earlenbaugh, supra,* 18 Ohio St.3d at 21, 18 OBR at 17, 479 N.E.2d at 848, citing *Rose v. Locke, supra,* 423 U.S. at 50, 96 S.Ct. at 244, 46 L.Ed. at 188.

A legislative body need not define every word it uses in an enactment. "Words in common usage will be construed in their ordinary acceptation and significance and with the meaning commonly attributed to them." *Glover, supra,* 17 Ohio App.3d at 258, 17 OBR at 525, 479 N.E.2d at 903, citing *State v. Dorso* (1983), 4 Ohio St.3d 60, 62, 4 OBR 150, 151, 446 N.E.2d 449, 451. Thus, a statute is not void for vagueness "because it uses a term which is not a part of every person's ready vocabulary." *Nearhouse, supra; Willis, supra.*

We conclude P.H.C.O. Section 1171.01 is not vague. The terms of the ordinance, "accessory uses customarily incident to the foregoing permitted use," [1] are sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the ordinance. Clearly, appellant was on notice that his operation of what was essentially an automobile repair shop in his backyard was prohibited in his residential district which was zoned only for single family dwellings and accessory uses customarily incident to single family dwellings. Thus, the trial court in case No. 57539 properly denied appellant's motion to dismiss.

Accordingly, the first assigned error in case No. 57539 is overruled.

## B

The record of case No. 58910 reveals that appellant never filed a motion to dismiss. A reviewing court cannot add matter to the record before it which was not part of the trial court's proceedings and then decide the appeal on the basis of the new matter. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus. Thus, appellant's failure to file a motion to dismiss constituted a waiver of any alleged errors. *State v. Crosby* (Dec. 8, 1977), Cuyahoga App. No. 36610, unreported, at 5.

Accordingly, the first assigned error in case No. 58910 is overruled.

## II

The second assigned error in both appeals will be discussed jointly. In his defense at both trials, appellant argued that working on cars was his hobby and, therefore, such acts were "accessory uses customarily incident to single-family dwellings." However, appellant now contends that the court incorrectly instructed the jury regarding when a hobby exceeds "accessory uses customarily incident to single-family dwellings." These arguments lack merit.

---

1. The only "foregoing permitted use" referred to in the statute is a "single-family dwelling."

The portion of the court's instruction which appellant assigns as erroneous in case No. 57539 reads as follows:

"\* \* \* But when a hobby reaches the proportion which going beyond what is customarily incidental to the use of a one-family dwelling, then the Defendant in this case, Thomas J. Jaros, charged as conduct constitutes a violation of Parma Heights Codified Ordinance 1171.01."

As a general rule, jury instructions are reviewed in their entirety to determine if they contain prejudicial error. *State v. Fields* (1984), 13 Ohio App.3d 433, 13 OBR 521, 469 N.E.2d 939, paragraph one of the syllabus. The court retains discretion to use its own language to communicate legal principles. *State v. Scott* (1987), 41 Ohio App.3d 313, 535 N.E.2d 379, paragraph one of the syllabus; *State v. Nelson* (1973), 36 Ohio St.2d 79, 65 O.O.2d 222, 303 N.E.2d 865, paragraph one of the syllabus. The language of the court's instruction cannot be directed by a general rule, but must be decided upon the particular facts of the case by the exercise of sound discretion. See *State v. Guster* (1981), 66 Ohio St.2d 266, 271, 20 O.O.3d 249, 252, 421 N.E.2d 157, 160. Thus, this court will not reverse unless an instruction is so prejudicial that it may induce an erroneous verdict. See *Wilson v. Dixon* (Mar. 29, 1990), Cuyahoga App. No. 56788, unreported, at 4, 1990 WL 37398.

A fact pattern essentially identical to the facts of the instant case is found in *Knoxville v. Brown* (1953), 195 Tenn. 501, 260 S.W.2d 264. In discussing the relationship between "hobbies" and "customary use of one-family dwellings," the *Brown* court stated:

"\* \* \* We of course can think of all kinds of hobbies, many of which would customarily and ordinarily be considered as a proper use for a one-family dwelling but when a hobby reaches the proportion of the destruction of the neighborhood by the use of assembling and tearing down of numerous automobiles, in this case nine, this goes far beyond any common sense idea of what a One–Family Dwelling might be used for." *Brown, supra*, 195 Tenn. at 512, 260 S.W.2d at 269.

In the instant case, the court incorporated the gist of the above statement into its jury instruction regarding when a hobby does and does not exceed accessory uses customarily incident to single family dwellings. Reviewing the instruction in its entirety, we do not believe the court abused its discretion in the manner it tailored the instruction upon the facts of this case and in the manner it informed the jury regarding the law. Moreover, we find that the isolated sentence which appellant assigns as erroneous is a correct statement of the law as it applies to this case.

The court's instruction in case No. 58910 is essentially identical to the instruction discussed above. However, in case No. 58910, appellant argues that the instruction is erroneous because the court quoted the statement found in *Brown, supra,* verbatim. The record fails to reveal a verbatim recitation by the court. Therefore, based on the foregoing, we find also that the court's instruction in case No. 58910 was not an abuse of discretion.

Accordingly, appellant's arguments are overruled because neither instruction was so prejudicial that it induced an erroneous verdict.

### III

The third assigned error in both appeals will be discussed jointly. Appellant argues that the court erred in case Nos. 57539 and 58910 when it denied his Crim.R. 29 motion for acquittal after the conclusion of the prosecution's case. This argument lacks merit. Appellant waived his right to claim the denial of his Crim.R. 29 motion as error because he failed to renew his motion after the conclusion of his case. *State v. Jeffreys* (Nov. 16, 1989), Cuyahoga App. No. 57718, unreported; *State v. Jones* (Dec. 11, 1986), Cuyahoga App. No. 51471, unreported, 1986 WL 14513; *State v. Seals* (Oct. 31, 1985), Cuyahoga App. No. 49448, unreported, 1985 WL 8533.

Accordingly, these assigned errors are overruled.

The judgments are affirmed.

*Judgments affirmed.*

DAVID T. MATIA and ANN MCMANAMON, JJ., concur.