947 P.2d 905

**STATE of Arizona, Appellee,**

v.

**Alan TRACHTMAN, Appellant.**

**No. 1 CA–CR 96–0628.**

Court of Appeals of Arizona, Division 1, Department E.

July 31, 1997.

Review Denied Dec. 16, 1997.

---

332

Schmitt, Fisher & Herrod by Michael J. Herrod, Phoenix, for Appellee.

Bryan Cave L.L.P. by Steven M. Dichter and Christine M. Regas, Phoenix, for Appellant.

## OPINION

KLEINSCHMIDT, Judge.

Alan Trachtman appeals his convictions for violations of two criminal provisions of the Carefree Town Code relating to zoning. He asserts that the two provisions, one forbidding operating a business enterprise at his residence and the other allowing only those uses which are accessory to residential purposes, are unconstitutionally vague. We affirm both convictions.

## FACTS

In May 1994, Trachtman was charged with six counts of criminal conduct relating to the use of his residence. The municipal court dismissed one count prior to trial, directed a verdict for Trachtman on three counts after the State rested its case, and found him guilty of (1) violating sections 702 and 202(38) of the Carefree Planning and Zoning Ordinance by operating a business enterprise on his property that did not qualify as a permissible "home occupation," and (2) violating section 702 of the ordinance by engaging in a prohibited use of his property by renovating, repairing and/or storing motor vehicles "not customary or incidental to an allowed use of such property." The court imposed a fine of $2,500 for each count and placed Trachtman on unsupervised probation for one year.

On appeal, the Maricopa County Superior Court affirmed the convictions. Pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 22–375 (1990), Trachtman appealed to this court. *See also* Rule 13(b), Super.Ct.R.App.P.—Crim. His only arguments on appeal are that the definitions of "home occupation" and "accessory use" in Carefree's Planning and Zoning Ordinance are unconstitutionally vague.

Our jurisdiction in this appeal from a municipal court conviction is limited solely to a review of the facial validity of those two provisions of the Carefree ordinance and does not include an examination of whether those provisions were constitutionally applied

in Trachtman's case. *See State v. Martin,* 174 Ariz. 118, 121, 847 P.2d 619, 622 (App. 1992). We are required, however, to determine if Trachtman has standing to raise his claim of unconstitutionality. *See Church v. Rawson Drug & Sundry Co.,* 173 Ariz. 342, 349, 842 P.2d 1355, 1362 (App.1992) (initial question in any constitutional challenge to a statute is whether the party has standing to assert the claim).

## TRACHTMAN DOES NOT HAVE STAND-ING TO CHALLENGE THE HOME OCCUPATION ORDINANCE

■ Trachtman was charged criminally with violating section 702 of the zoning ordinance by engaging in a business enterprise on R1–35 property. Under section 702, R1–35 property may be used only for (1) one single-family dwelling per lot, (2) the display of certain signs specifically described in the ordinance, (3) home occupations, (4) fences or free-standing walls satisfying the specific requirements of the ordinance, and (5) "[a]ccessory buildings and uses customarily incidental to the above uses." *See* Town of Carefree, Ariz., Code art. 12–1, Planning and Zoning Ordinance § 402 (1992) (cross-referenced in §§ 502 and 702).

The complaint alleged that Trachtman was operating a business enterprise on his property. The business, Carefree Classics, Ltd., specialized in the repair and restoration of classic automobiles. Trachtman insisted that he was never engaged in a business enterprise, but rather that his repair and renovation of classic cars was simply a hobby. He testified at trial that he did not intend to make a profit from his activities and that he formed Carefree Classics solely to permit him to obtain business discounts from automotive parts suppliers.

The municipal court rejected Trachtman's characterization of his activities and set forth extensive factual findings in its verdict to support its conclusion, not in issue here, that Trachtman was, in fact, engaged in a business enterprise. Because that business did not qualify as a permissible "home occupation," the municipal court found Trachtman guilty of this charge.

Section 202(38) of the Carefree Planning and Zoning Ordinance defines a "home occupation" as:

> Any occupation or profession *customarily conducted entirely within a dwelling* and carried on by a member of the family residing therein, and which occupation or profession is clearly incidental and subordinate to the use of the dwelling for dwelling purposes and does not change the character thereof, and in connection with which there are no employees other than a member of the immediate family residing in the dwelling, and no mechanical equipment except for that which is customarily used for domestic, hobby, or household purposes. Home occupation includes the use of a dwelling by physician, surgeon, dentist, lawyer, clergyman, or other professional person for consultation or emergency treatment, but not for the general practice of his profession. Home occupation does not include clinic, hospital, barber shop, beauty parlor, animal hospital, advertising or public relations agency, interior decorator's office or similar use. No noise, nuisance, sign or other display shall indicate from the exterior of the building or property that it is being utilized in whole or in part for any purpose other than that of a dwelling, nor shall such use generate pedestrian or vehicular traffic beyond that normal to the district in which it is located. *A carport or garage may not be used for home occupations.*

(Emphasis added.)

Trachtman argues that section 202(38) is unconstitutionally vague because "it fails to define what conduct is prohibited." Specifically, he asserts that the provision is void for vagueness because it does not define "occupation" and does not distinguish an "occupation" from a "hobby." According to him, the provision fails to give Carefree residents adequate notice of which "home occupations" are permitted and which are prohibited, and is therefore prone to arbitrary enforcement by city officials.

■ Before we may consider Trachtman's challenge to the constitutionality of the ordinance, however, we must first determine whether he has standing to raise his claim.

*See Church,* 173 Ariz. at 349, 842 P.2d at 1362. "In order to possess standing to assert a constitutional challenge, an individual must himself have suffered 'some threatened or actual injury resulting from the putatively illegal action.'" *State v. Herrera,* 121 Ariz. 12, 15–16, 588 P.2d 305, 308–09 (1978) (quoting *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)). In this case, the "putatively illegal action" is Carefree's enactment and enforcement of an impermissibly vague criminal ordinance.

■ Even if an ordinance or statute may be vague in some particulars, a person "to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974); *see also New York v. Ferber,* 458 U.S. 747, 767, 102 S.Ct. 3348, 3359–60, 73 L.Ed.2d 1113 (1982) ("The traditional rule is that a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the court."); *State v. McLamb,* 188 Ariz. 1, 6, 932 P.2d 266, 271 (App.1996) (" 'A defendant whose conduct is clearly proscribed by the core of the statute has no standing to attack the statute.' ") (quoting *State v. Tocco,* 156 Ariz. 116, 119–20, 750 P.2d 874, 877–78 (1988)); *State v. Carruth,* 132 Ariz. 368, 370, 645 P.2d 1282, 1284 (App. 1982) ("Unless the challenged legislation, by its terms, regulates the exercise of first amendment rights, its constitutionality may not be challenged on the ground that it might apply to parties not before the court.").

The section defining permissible home occupations clearly forbids the business Trachtman was conducting. Section 202(38) states that a home occupation is an "occupation or profession customarily conducted entirely within a dwelling" and "[a] carport or garage may not be used for home occupations." "Dwelling" is defined in section 202(21) as "[a] building or portion thereof designed or used exclusively for residential occupancy." It is clear from the ordinance that a permissible home occupation must be of a type that can be carried on inside the home or residential building. Trachtman's business was conducted in his garage and driveway. Because the ordinance clearly prohibited his conduct, Trachtman does not have standing to challenge it for vagueness.

## THE ACCESSORY USE ORDINANCE IS NOT UNCONSTITUTIONALLY VAGUE

■ Count II of the complaint charged Trachtman with engaging in a prohibited use of R1–35 zoned property by renovating, repairing and/or storing "motor vehicles not customary or incidental to an allowed use of such property." The ordinance allows R1–35 property to be used for accessory uses customarily incidental to the use of a single-family residence. *See* Carefree Planning and Zoning Ordinance § 402. Section 202(90) defines "accessory use" as "[a] use which is customarily incidental and subordinate to the principal use of a lot or a building, including bona fide servant and caretaker quarters, and located on the same lot therewith." The ordinance further explains that private swimming pools, tennis courts and satellite receiving earth stations are included as uses customarily incidental to permissible uses of R1–35 property. § 402(6)(a)-(c). These are examples, and do not purport to cover all accessory uses.

Trachtman's conviction on Count II turned on whether his activities constituted a permissible "accessory use" of his property. The municipal court found "that the storage, [renovation, and repair] of 12 to 16 vehicles on [Trachtman's] property [was] not customary and incidental to the allowed usage of" R1–35 property and found him guilty of violating the ordinance. Trachtman contends that the definition of "accessory use" is unconstitutionally vague.

■ A penal statute or ordinance is unconstitutionally vague "if it fails to give persons of average intelligence reasonable notice of what behavior is prohibited or is drafted in such a manner that it permits arbitrary and discriminatory enforcement." *State v. Steiger,* 162 Ariz. 138, 141, 781 P.2d 616, 619 (App.1989). A statute need not be drafted with absolute precision to satisfy due process. *State v. Takacs,* 169 Ariz. 392, 395, 819

P.2d 978, 981 (App.1991). A statute or ordinance is not unconstitutionally vague solely because one of its terms is not explicitly defined or because the provision is susceptible to more than one interpretation. *See id.* "When an ordinance's language is unclear, we strive to give it a sensible construction and, if possible, uphold the ordinance." *In re Maricopa County, Juvenile Action No. JT9065297,* 181 Ariz. 69, 80, 887 P.2d 599, 610 (App.1994) (citing *State v. Wagstaff,* 164 Ariz. 485, 490, 794 P.2d 118, 123 (1990)). "[C]riminal conduct can be evaluated by a 'reasonable man' standard to determine whether a statute is unconstitutionally vague." *Id.* (citing *State v. Johnson,* 112 Ariz. 383, 385, 542 P.2d 808, 810 (1975)).

Trachtman relies heavily on *State v. Owens,* 114 Ariz. 565, 562 P.2d 738 (App.1977). In that case, the defendant, who was accused of storing automobiles and junk in his yard, was prosecuted for violating a city ordinance that allowed accessory uses "clearly incidental to the use of the main building, other structure or use of land, and ... [w]hich [are] customary in connection with the main building, other structure, or use of land." *Id.* at 566–67, 562 P.2d at 739–40. We found the accessory use provision to be vague insofar as the ordinance was used as a basis for criminal liability because it required a person to speculate as to whether or not he was violating the law. *Id.* at 567–68, 562 P.2d at 740–41. The Carefree Planning and Zoning Ordinance does provide somewhat more guidance as to what is meant by accessory use than did the ordinance in *Owens* because the Carefree ordinance provides specific examples of permissible accessory uses. This difference is not particularly significant, but we nonetheless decline to follow *Owens* because our review of a number of cases from other jurisdictions convinces us that the accessory use provision in the Carefree ordinance is not unconstitutionally vague.

There are three cases from other states which we find persuasive. In *City of Parma Heights v. Jaros,* 69 Ohio App.3d 623, 591 N.E.2d 726, 727 (1990), the defendant had "painted, worked on and/or repaired ... vehicles at his residence." The defendant "testified that working on cars was his hobby."

*Id.* at 728. The court addressed the constitutionality of a zoning ordinance that allowed "[a]ccessory uses customarily incident to [single-family dwelling] use" and upheld a conviction for "conducting activities on premises zoned residential which are not customarily incidental to single family dwellings." *Id.* at 728–29. The court reasoned that the vagueness doctrine embodies a sense of fairness and "is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." *Id.* at 729 (citation omitted). The court concluded that the accessory use provision was "sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the ordinance." *Id.* at 730.

In *Sechrist v. Municipal Court of the San Antonio Judicial Dist.,* 64 Cal.App.3d 737, 134 Cal.Rptr. 733, 734 (1976), the defendant was charged with " 'unlawfully [storing] inoperable motor vehicles, commercial vehicles and junk on [his] ... [single-family residential property].' " (Alterations in original.) The zoning ordinance allowed accessory uses of residentially zoned property and defined an accessory use as "a use customarily incidental to, related and clearly subordinate to a principal use established on the same lot or parcel of land, which accessory use does not alter said principal use." *Id.* at 736 & n. 3. The court indicated that penal statutes require "reasonable certainty" and not "mathematical exactitude." *Id.* at 737. The court reasoned that the zoning ordinance could be interpreted "based upon 'our common sense, judicial and personal knowledge of what [single-family] dwellings are customarily and ordinarily used for—what the ordinary man of the street would consider a one-family dwelling to be.' " *Id.* (alteration in original) (citation omitted). The court concluded that even though the ordinance was admittedly broad, such was necessary because of the nature of the subject matter and did not make the ordinance unconstitutionally vague. *Id.* at 739. The court also noted that "[a] legislative attempt to comprehensively set forth all 'residential' uses of property would only de-

feat the fundamental purpose" of the ordinance, which was to allow "those customary activities which make the home more comfortable and enjoyable." *Id.*

In *Goode v. City of Dallas,* 554 S.W.2d 753 (Tex.App.1977), the City sought to enjoin the landowner from violating a zoning ordinance for storing vehicles on residentially zoned property. The ordinance was more specific than Carefree's in that it specified that no storage of vehicles was allowed "other than that which is incidental to the use of" the residential property. *Id.* at 755. The defendant claimed that "a person of ordinary intelligence is unable to determine when storage of a vehicle is 'incidental' to the permitted residential use and when it is not." *Id.* The court discussed at length the test for constitutional vagueness of penal statutes, which states that "'no more than a reasonable degree of certainty can be demanded.'" *Id.* at 756 (quoting *Boyce Motor Lines v. United States,* 342 U.S. 337, 340, 72 S.Ct. 329, 330–31, 96 L.Ed. 367 (1952)). The court also indicated that a statute is not "invalid because a person affected by it must make an estimate of some matter of degree." *Id.* (citing *Nash v. United States,* 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232 (1913)). The court concluded that the ordinance was not vague as applied to a person who kept thirteen automobiles and two motorcycles on his property as a hobby. *Id.* at 758. *But see Trice v. City of Pine Bluff,* 279 Ark. 125, 649 S.W.2d 179, 180–81 (1983) (holding, in a divided opinion which did not analyze the language of ordinance, that ordinance was too vague to permit conviction for storing trucks, lumber and a tractor-trailer on property).

■ We conclude that a person of average intelligence can determine, with a reasonable degree of certainty, what accessory uses are customarily incidental and subordinate to single-family dwelling property. We have not overlooked Trachtman's specific argument that because the municipal judge could not state how many cars can be allowed at a residence, no reasonable person could discern what activity would violate the ordinance. This argument misfocuses the proper analysis. The number of cars is not the determinative factor when deciding if the activity is a permissible accessory use; rather, it is whether the function or purpose of having the cars at the property is customarily incidental to the use of the property as a single-family dwelling. *See Goode,* 554 S.W.2d at 757–58.

## CONCLUSION

We conclude that Trachtman cannot successfully challenge the constitutionality of section 202(38) for vagueness as his conduct was clearly prohibited by it. We also conclude that the "accessory use" provision of the Carefree Planning and Zoning Ordinance is not unconstitutionally vague. The convictions are affirmed.

WEISBERG, P.J., and VOSS, J., concur.