9 P.3d 1102

**STATE of Arizona, Appellee,**

v.

**Munadhil D. ALAWY, Appellant.**

**No. 1 CA–CR 99–0882.**

Court of Appeals of Arizona,
Division 1, Department D.

Sept. 14, 2000.

Review Dismissed Dec. 6, 2000.

Lowell D. Hamilton, Mesa City Prosecutor's Office By Mark W. Hawkins, Assistant City Prosecutor, Mesa, Attorneys for Appellee.

Golston, Keister & Steen, P.L.C. By Rodger A. Golston, Garry N. Keister and Danny Karfai Ma, Tempe, Attorneys for Appellant.

## OPINION

EHRLICH, Judge.

¶ 1 Munadhil D. Alawy was convicted in Mesa Municipal Court of violating Mesa City Code Zoning Regulation ("M.C.C.") section 11–7–6(A), which prohibits the residential use of property zoned for an industrial purpose. For this class 1 misdemeanor, M.C.C. § 11–1–5(B), the court imposed three years of probation, including ten days in jail, of which nine days were suspended, and a fine of $1500 plus surcharges.

¶ 2 On appeal to the Maricopa County Superior Court, Alawy argued that M.C.C. section 11–7–6(A) is unconstitutionally vague and overbroad. The superior court affirmed the conviction, finding the zoning regulation lawful, and Alawy appealed to this court.

█ ¶ 3 Our review of an appeal from a municipal-court conviction is limited to an examination of the facial validity of the regulation at issue. ARIZ.REV.STAT. (A.R.S.) § 22–375; *see State v. Trachtman*, 190 Ariz. 331, 332–333, 947 P.2d 905, 906–907 (App. 1997); *State v. McLamb*, 188 Ariz. 1, 2, 4, 932 P.2d 266, 267, 269 (App.1996). If the regulation is facially valid, we lack jurisdiction to examine how its provisions were applied to an individual defendant. *See McLamb*, 188 Ariz. at 4, 932 P.2d at 269.

¶ 4 Section 11–7–6 of the Mesa City Code states:

PROHIBITED USES IN ALL MANUFACTURING, INDUSTRIAL, AND EMPLOYMENT DISTRICTS: PEP, M–1 AND M–2:

(A) All residential uses, except a dwelling unit in conjunction with a primary use intended for occupancy by the proprietor, caretaker, or night watchman of the primary use. Refer to Uniform Building Code for occupancy separation regulations.

(B) All uses which create or are likely to create conditions detrimental to the health, safety, and general welfare of the community as determined by the Zoning Administrator.

█ ¶ 5 Alawy insists that the phrase "residential. uses" is unconstitutionally vague [1] because it does not give a person of average intelligence reasonable notice of what is prohibited and because it is drafted in a manner permitting its arbitrary enforcement. *See McLamb*, 188 Ariz. at 5, 932 P.2d at 270; *State v. Steiger*, 162 Ariz. 138, 141, 781 P.2d 616, 619 (App.1989). When faced with such a challenge, we endeavor to interpret the law in such a way as to render it constitutional, the complainant having the burden of demonstrating the law's invalidity. *See McLamb*, 188 Ariz. at 5, 932 P.2d at 270; *Steiger*, 162 Ariz. at 145, 781 P.2d at 623.

█ ¶ 6 However, before considering the facial validity of legislation, we consider whether an individual has standing to raise the claim of its unconstitutionality. *See Trachtman*, 190 Ariz. at 333–334, 947 P.2d at 907–908. "Even if an ordinance or statute is vague in some particulars, a person 'to whose conduct a statute clearly applies may not successfully challenge it for vagueness.'" *Id.* at 334, 947 P.2d at 908, quoting *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *see State v. Tocco*, 156 Ariz. 116, 119, 750 P.2d 874, 877 (1988)("A defendant whose conduct is clearly proscribed by the core of the statute has no standing to attack" it for vagueness); *McLamb*, 188 Ariz. at 6, 932 P.2d at 271 (same).

---

1. Alawy's counsel has never claimed that the exception for a "dwelling unit in conjunction with the primary use" in M.C.C. section 11–7– 6(A) applies. The defense was that Alawy was not using his business premises as a residence.

¶ 7 At trial, the state produced substantial evidence showing that Alawy was using the warehouse of his moving business as his personal residence: (1) When zoning inspectors and police entered the premises, they found Alawy asleep in a motor home parked inside the warehouse and hooked up to an electrical outlet there; (2) one room in the warehouse was set up as a living room with a television, video-cassette recorder, coffee table, family pictures on the wall, lamps, mirrors, clothing on a rack and rifles leaning in a corner; (3) another room was set up like a residential kitchen with a refrigerator/freezer full of food, canned goods in a cabinet, a two-burner hot plate, a microwave oven and dirty dishes in the sink; (4) there was what appeared to be a residential bathroom with bathtub, towels, a hair dryer, a radio, a laundry basket, folded clothing and personal toiletries; (5) there was an ironing board and washer/dryer with detergent and folded clothing on top of the dryer, and (6) Alawy told the inspectors, as he had told an employee, that he was temporarily living in the motor home to save money.[2] This evidence would be sufficient to conclude that Alawy clearly violated M.C.C. section 11–7–6(A), and, therefore, lacks standing. However, because the trial court made no findings of fact, we address whether the regulation is facially valid.[3]

¶ 8 In construing a legislative enactment, we apply a practical and common-sensical construction. *See State v. Cornish,* 192 Ariz. 533, 537, 968 P.2d 606, 610 (App. 1998).[4] Since "residential" is not defined in the Mesa zoning regulations, we thus will give the word its plain and ordinary meaning. *See State v. Mahaney,* 193 Ariz. 566,

568, 975 P.2d 156, 158 (App.1999). As such, "residential" describes the "circumstances or fact of having one's usual or permanent abode in or at a certain place" or the "place where one resides; one's dwelling-place; the abode of a person...." OXFORD ENGLISH DICTIONARY (1987); *see* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE (unabridged)(1969)(a structure "used, serving, or designed as a residence or for occupation by residents ... of, relating to, or connected with residence or residences"). Similarly, a newer edition of the dictionary Alawy cites defines "residential" as "of or connected with residence ..., characterized by, or suitable for residences, or homes ... chiefly for residents rather than transients." WEBSTER'S NEW WORLD DICTIONARY—THIRD COLLEGE EDITION (1988). And Mesa's zoning regulations do define the word "use" as "[t]he specific purpose for which a building or lot is arranged, intended, designed, occupied, or maintained." M.C.C. § 11–1–6. Thus the phrase "residential uses," in the context of this regulation, means occupying or maintaining a space as one's dwelling or abode. Indeed, the exception underscores this interpretation because it specifically excludes "a dwelling unit in conjunction with a primary use intended for occupancy." M.C.C. § 11–7–6(A).

¶ 9 As the superior court well characterized it, the regulation forbids "setting up" a residence, not incidental activity that could be performed either at home or somewhere else.

> The key to this matter is that "use" is defined. In the Mesa City Code, it states that a "use" is the "specific purpose for

---

**2.** While Alawy offered other explanations for the presence of these items, it is not for this court but for the trier of fact to determine the credibility of the witnesses and resolve such issues. *See State v. Pike,* 113 Ariz. 511, 514, 557 P.2d 1068, 1071 (1976); *State v. Pieck,* 111 Ariz. 318, 320, 529 P.2d 217, 219 (1974).

**3.** Alawy argues that M.C.C. section 11–7–6(A) is overbroad because officials might apply it to anyone such as employees, family members, architects, etcetera, but Alawy clearly has no standing to raise such hypothetical incidents. *See McLamb,* 188 Ariz. at 6, 932 P.2d at 270 ("When the language is clear, the statute is not rendered unconstitutionally vague because there is a theo-

retical potential for arbitrary enforcement or the exercise of discretion by a law-enforcement officer or prosecutor, or even if the conduct is prevalent and ignored."); *State v. Averyt,* 179 Ariz. 123, 127, 876 P.2d 1158, 1162 (App. 1994)(same).

**4.** The explicit purpose of the Mesa zoning regulations is to promote the "public interest, health, comfort, safety, convenience, and general welfare; and ... avoidance of overcrowding of land and excessive concentration of population by establishing land use classifications ... ." M.C.C. § 11–1–2(A).

which a building or lot is arranged, designed, occupied or maintained." Mesa City Code 11–1–6 [sic]. With that in mind, the court takes the ordinary meaning of "residence" as "a place where one actually lives or has his home; a person's dwelling place or place of habitation, an abode; house where one's home is; a dwelling house." *Black's Law Dictionary*, 6th Ed., pp. 1308–1309.

Defendant argues that there are many activities that a business's employees may participate in during the work day which the code would potentially prohibit. However, it is also important to note that there is an exception to this section. It is permissible for a night watchman or caretaker to maintain a "dwelling unit." Mesa City Code 11–1–6 [sic]. Specifically, it directs the reader to reference "occupancy separation regulations" in the Uniform Building Code if the exception is sought.

This exception, along with the remainder of the section, conveys to the reader that the prohibition is that one may not set up a residence. A person of ordinary intelligence can distinguish at what point he has set up a residence (thereby altering the specific purpose for which the building or lot is arranged) from merely performing incidental activities which may also be performed in the home. The officers testified that this code is necessary to ensure public safety. The code section is not unconstitutionally vague or overbroad.

¶ 10 We agree with the superior court that the Mesa zoning regulations at issue are neither vague nor overbroad.[5] Alawy's conviction and sentence are affirmed.

CONCURRING: CECIL B. PATTERSON, Jr., Judge, and JON W. THOMPSON, Judge.

---

5. Alawy argues also that M.C.C. section 11–7–6(B) is unconstitutional. However, he was not charged with violating this portion of the regulation.